UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA SADAT WASHINGTON, and FEDEL EZEKIEL SAKERS,<br><br>Defendants. | Case No. 2:16-cr-00279-JAD-PAL<br><br>**ORDER**<br>– AND –<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. to Dismiss – ECF No. 43) |

This matter is before the court on Defendant Joshua Sadat Washington's Motion to Dismiss (ECF No. 43), filed June 20, 2017. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motion, the Joinder (ECF No. 48) by Defendant Fedel Ezekiel Sakers, the Government's Response (ECF No. 52), and the Reply (ECF No. 56).

## BACKGROUND

### I. THE INDICTMENT AND STATUTES RELEVANT TO THE CURRENT MOTION

A federal grand jury returned a Second Superseding Indictment (ECF No. 29) (the "Indictment") on January 25, 2017, charging defendants with the following: Count One – interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951; Count Two – brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2; Count Three – transportation of Stolen Goods in violation of 18 U.S.C. § 2314. Count One alleges that defendants robbed the Alfredo's Jewelry located at 5775 S. Eastern Avenue, Suite 103, Las Vegas, Nevada, on August 13, 2016. Count Two alleges that this robbery is a crime of violence under 18 U.S.C. § 924(c) and that defendants used and brandished a firearm during and in relation to that robbery. *Id*.

As relevant to the current motion, both defendants are charged in Count Two: brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924. The statute defines the term "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is often referred to as the "force clause" or the "elements clause," and subsection (B) is known as the "residual clause" or the "risk-of-force clause." Because the definition is worded disjunctively, a felony need only categorically match one of the two clauses in order to constitute a crime of violence and thus satisfy that element under § 924(c)(1)(A). The Indictment alleges a "crime of violence" in Count One: interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, the Hobbs Act.

## II. THE PARTIES' POSITIONS

### A. Defendant Washington's Position

The Motion (ECF No. 43) contends that Count Two must be dismissed because the Hobbs offense charged in Count One is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). Relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015) ("*Johnson II*"), applying the categorical approach, Washington asserts that § 924(c)'s residual clause is void for vagueness. In *Johnson II*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was void for vagueness because it left uncertainty about how to estimate the risk posed by a crime and how much risk it takes for a crime to qualify as a violent felony. *Id*. at 2557–58. Washington asserts that § 924(c)'s residual clause, which has language virtually indistinguishable from the ACCA, is unconstitutionally vague for the same reasons.

Mr. Washington also argues that Hobbs Act robbery does not have as an element the intentional use, attempted use, or threatened use of violent physical force. In *Johnson v. United States*, 559 U.S. 133 (2010), ("*Johnson I*"), the Supreme Court held that the "physical force" required to commit a predicate offense must be "'*violent force*' or 'force capable of causing

2

physical pain or injury to another person'." *Id*. at 140 (analyzing the ACCA's "force clause") (emphasis added). Citing *United States v. Castleman*, 134 S. Ct. 1405, 1412 (2013), Washington asserts that minor uses of force may not constitute violent force. Mot. at 8–9. Hobbs Act robbery encompasses conduct that places a person in "fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). A fear of injury constitutes a mere threat of injury, which does not require the use or threatened use of violent force.

Additionally, a defendant can be convicted for Hobbs Act robbery by using *de minimis* force or for using force recklessly. Washington maintains that the added element of force or fear separates common-law robbery from common-law larceny. Treatises on criminal law suggest that the use of force "includes uses of mere de minimis force." Mot. at 11 (citing 3 Wayne LaFave, Substantive Criminal Law § 20.3(d) (2d ed., Oct. 2016 Update); 4 Wharton's Criminal Law § 465 (15th ed.); 77 Corpus Juris Secundum, John A. Glenn, et al., Robbery § 23 (Dec. 2016 Update) (stating that the "particular degree of violence is immaterial" to the force element of robbery so long as it is sufficient to overcome the victim's resistance and transfer property to the robber). The Hobbs Act was modeled from New York's definition of robbery, which exposes "defendants to liability even if their use of force was de minimis." Mot. at 12–15. Furthermore, similarly worded federal robbery statutes do not require violent physical force. *Id*. at 15 (citing case law discussing 18 U.S.C. § 2112 (robbery of government property), § 2113 (bank robbery), and § 2114 (robbery of U.S. postal worker)).

For these reasons, Mr. Washington argues that his Hobbs robbery charge does not constitute a crime of violence under § 924(c), and Count Two must therefore be dismissed.

**B. The Government's Position**

In its Response (ECF No. 43), the government argues that the court need not decide whether Hobbs Act robbery qualifies as a predicate crime of violence under § 924(c)'s residual clause because the government is relying on the force clause. The government points out that "every federal court (including every judge in this District, and every circuit court) to have considered the question post-*Johnson* [*II*] has held that Hobbs Act robbery qualifies as a crime of violence" under § 924(c) based on its elements. *Id*. at 4–6 (collecting cases).

There is no merit to Washington's assertion that Hobbs Act robbery is not a crime of violence because different robbery statutes do not qualify as crimes of violence because those statutes can be satisfied by the use of slight force. The motion provides no case or example where a Hobbs Act robbery was committed through de minimis force or a threat of de minimis force; thus, Washington has not presented a " 'a *realistic probability*' " that the statute encompasses conduct that falls outside the generic robbery definition. Resp. at 7 (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)).

Additionally, the Ninth Circuit has explicitly rejected Washington's argument that Hobbs Act robbery does not qualify as a crime of violence because it encompasses conduct that places a person in fear of injury. *See United States v. Howard*, 650 Fed. App'x. 466 (9th Cir. May 23, 2016, amended Jun. 24, 2016) (unpublished). The *Howard* court held that "Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id*. at 468.

Lastly, the government contends several courts have considered and rejected Washington's argument claim that Hobbs Act robbery does not meet the force requirement and cannot be a crime of violence under § 924(c) because it does not require the intentional use of force. Resp. at 8 (collecting cases, including *United States v. Smith*, 215 F. Supp. 3d 1026, 1033–34 (D. Nev. 2016) (finding that the Hobbs Act's "robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence"). Quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999), the government maintains that criminal intent is an implied element that must be proven for a Hobbs Act conviction.

Because Mr. Washington has not has not met his burden for dismissal of Count Two § 924(c) the court shoukd deny his Motion.

## DISCUSSION

I. **LEGAL STANDARDS**

**A. Rule 12 of the Federal Rules of Criminal Procedure**[1]

Pursuant to Rule 12, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12(b)(3)

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Criminal Procedure.

4

specifies the motions which must be made before trial.  A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact.  *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).

In ruling on a pretrial motion to dismiss, the district court is "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").  The court should not consider evidence that does not appear on the face of the indictment.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).  Thus, a defendant is not entitled to a pre-trial evidentiary hearing to obtain a preview of the government's evidence and an opportunity to cross-examine its witnesses.  *Id.* at 669 ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.").

In determining whether a cognizable offense has been charged, the court does not consider whether the government can *prove* its case, only whether accepting the facts as alleged in the indictment as true, a crime has been alleged.  *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012).  Rule 12 motions cannot be used to determine "general issues of guilt or innocence," which "helps ensure that the respective provinces of the judge and jury are respected." *Boren*, 278 F.3d at 914 (citation omitted).  A defendant may not challenge a facially-sufficient indictment on the ground that the allegations are not supported by adequate evidence.  *Jensen*, 93 F.3d at 669 (citation omitted).  However, dismissal of a criminal charge is appropriate when: (1) the indictment fails to recite an essential element of the charged offense," *United States v. Ezeta*, 752 F.3d 1182, 1184 (9th Cir. 2014); or (2) the charge is based on "a statute that is unconstitutional on its face or as applied." *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007) (citing *United States v. Lopez*, 514 U.S. 549 (1995)).

**B.  The Categorical Approach**

To decide the Motion, the court must determine whether the predicate offense charged—Hobbs Act robbery—qualify as crimes of violence under § 924(c)(3).  To make such determinations, courts employ the three-step "categorical approach" first announced in *Taylor v.*

*United States*, 495 U.S. 575 (1990). *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In *Taylor*, the Supreme Court examined the ACCA and found it impermissible for a particular crime to "sometimes count towards enhancement and sometimes not, depending on the facts of the case." 495 U.S. at 601. Thus, the Supreme Court instructed judges to look only to the elements of the offense, not to the facts of the defendant's conduct. *Mathis*, 136 S. Ct. at 2251 (quoting *Taylor*, 495 U.S. at 601). The categorical approach directs courts to ignore the particular facts of a case and determine whether the statutory elements of a crime sufficiently match the elements of the crime's generic definition. *Id.* at 2248 (citing *Taylor*, 495 U.S. at 600–01); *United States v. Werle*, 815 F.3d 614, 618 (9th Cir. 2016) (noting that a "generic crime" is "the offense as commonly understood"). A crime is not a categorical match qualifying as a "crime of violence" if the charging statute punishes "a broader swath of conduct" than the conduct covered by the generic definition of the crime. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016).

Federal courts have utilized the "categorical approach" for crime-of-violence determinations in several other contexts, including the ACCA, sentencings, and deportation proceedings as well as § 924(c)(3). *See, e.g.*, *Descamps*, 133 S. Ct. at 2281 (applying the categorical approach to the ACCA); *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) (applying the categorical approach to the "crime of violence" definition stated in 18 U.S.C. § 16 and incorporated by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*,); *United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) (applying the categorical approach to the "crime of violence" definition found in U.S.S.G. § 4B1.2)).

1. Step One: Identifying the Elements of a Crime

At step one of the categorical approach, the court must "identify the elements of the statute necessary to secure a conviction," *Uppal v. Holder*, 605 F.3d 712, 714 (9th Cir. 2010), and compare the elements of the offense to the elements of the generic offense defined by federal law. *Almanza-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc). To do this, courts look only to the statutory definitions of an offense, *i.e.*, the "elements," not to the particular underlying facts satisfying a statutory element, *i.e.*, the "means." *Descamps*, 133 S. Ct. at 2283–84. Means

are the "various factual ways of committing some component of the offense," for which a jury need not make a specific finding to convict. *Mathis*, 136 S. Ct. at 2249; *see also Descamps*, 133 S. Ct. at 2288 (describing "means" as "legally extraneous circumstances"). The Supreme Court has instructed that distinguishing between elements and facts is pivotal: " 'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction'." *Mathis*, 136 S. Ct. at 2248 (internal bracketing and citation omitted).

To identify the elements of a criminal statute, courts examine the text of the statute and case law interpreting and applying the statute. *Id*. at 2256; *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016). If statutory alternatives carry different punishments, "they must be elements." *Mathis*, 136 S. Ct. at 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Courts also look to model jury instructions. *Almanza-Arenas*, 815 F.3d at 480 (citing *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1013 (9th Cir. 2015) (finding that "pattern jury instructions are a useful tool" in assessing statutes). If these sources fail to provide clear answers, courts may look at the record itself for the "sole and limited purpose" of determining whether the listed items are elements of the crime. *Mathis*, 136 S. Ct. at 2256–57 (quoting *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015) (Kozinki, J., dissenting from denial of reh'g en banc)). Record documents such as an indictment or jury instructions may show a single umbrella term or state all the possible means of committing the crime, therefore, demonstrating that the statute contains an indivisible list of means. *Id*. at 2257. Conversely, an indictment or jury instructions might reference one alternative element and exclude all others, therefore, showing that the statute contains a list of elements. *Id*. Thus, *Mathis* instructs that courts may use extra-statutory sources to confirm the elements of the charging statute. *Id*.; *see also Almanza-Arenas*, 815 F.3d at 478; *Ramirez*, 810 F.3d at 1135.

Once a court determines the elements of the current charge or prior conviction, it compares the offense's elements to the elements of the generic offense to see if they are a categorical match. *Almanza-Arenas*, 815 F.3d at 476. The underlying crime is a categorical match if "its *elements* are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2248. When a statute provides alternative means as various factual ways to satisfy one element of an offense, the court "has no call to decide which of the statutory alternatives was at issue." *Id.* at 2249, 2256.

7

1 If the elements of a criminal offense cover "any more conduct than the generic offense," it is not a predicate for a § 924(c) charge, "even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* at 2248. "Under the categorical approach, the crime-of-violence determination 'functions as an on-off switch': An offense qualifies as a crime of violence 'in all cases or in none'." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (quoting *Descamps*, 133 S. Ct. at 2287) (internal bracketing omitted).

### 2. Step Two: Determining Whether the Criminal Statute is Divisible

When a statute is "overbroad" because it criminalizes more conduct than the generic offense, the court proceeds to step two to decide whether the statute is "divisible" or "indivisible." *Almanza-Arenas*, 815 F.3d at 476. In other words, the court determines whether the statute has "multiple, alternative elements, and so effectively creates 'several different crimes'." *Id.* (quoting *Descamps*, 133 S. Ct. at 2285). Divisible statutes "contain multiple, alternative *elements* of functionally separate crimes," but indivisible statutes "contain multiple, alternative *means* of committing the crime. *Rendon*, 764 F.3d at 1085 (citing *Descamps*, 133 S. Ct. at 2285 n.2); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1137 n.16 (9th Cir. 2014) ("[W]hat must be divisible are the elements of the crime, not the mode or means of proving an element."). If the statute has a " 'single, indivisible set of elements' with different means of committing one crime, then it is indivisible," and the inquiry ends with a finding that there is no categorical match to the generic federal offense. *Almanza-Arenas*, 815 F.3d at 476 (quoting *Descamps*, 133 S. Ct. at 2286). However, if the statute has alternative elements stating multiple crimes, it is divisible, and the court applies the modified categorical approach at step three. *Id.* at 476 (quoting *Lopez–Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015)).

### 3. Step Three: the Modified Categorical Approach

Under the modified categorical approach, the court takes a deeper look at the record documents to determine the specific crime with which the defendant was charged or convicted. *Mathis*, 136 S. Ct. at 2249; *see also Benally*, 843 F.3d at 352 (citing *Descamps*, 133 S. Ct. at 2281). The record documents, sometimes referred to as the "*Shepard* documents," may include such materials as an indictment, jury instructions, plea colloquy, or a plea agreement. *Descamps*, 133

S. Ct. at 2284–85 (examining *Shepard v. United States*, 544 U.S. 13 (2005)). By reviewing the record documents, a court can discover what the prosecutor includes as elements of the crime and what elements must either be proved to the jury or plead as part of a guilty plea. *Almanza-Arenas*, 815 F.3d at 479. This is because a "prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives." *Descamps*, 133 S. Ct. at 2290 (citation omitted). "The modified approach thus acts not as an exception, but instead as a tool" for the court to identify the crime actually charged from the alternatives so that it can be compared to the generic offense. *Id.* at 2285; *Mathis*, 136 S. Ct. at 2253.

### C. The Intent and Physical Force Requirements for § 924(c) Crimes of Violence

For an offense to be considered a crime of violence under § 924(c)(3), the offense must be a categorical match, require a higher mens rea than accidental or negligent conduct, and involve "physical force." In *Leocal*, the Supreme Court determined that the "crime of violence" definition stated in 18 U.S.C. § 16 requires a mens rea greater than "merely accidental or negligent conduct." 543 U.S. at 11. The Ninth Circuit has uniformly applied a mens rea requirement to crime of violence determinations, including those under § 924(c)(3). *See, e.g.*, *Benally*, 843 F.3d at 353–54 (holding that the "use" of physical force required by § 924(c)(3)(A)'s force clause must be intentional, not just reckless or negligent).[2]

The term "physical force" used in § 924(c)(3) has specialized meaning. In *Johnson I*, the Supreme Court held that the term "physical force" in the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i),[3] requires "*violent* force—that is, force capable of causing physical pain or injury

---

[2] *See also United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (noting that the ACCA's force clause requires intentional force); *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007) (extending the heightened mens rea requirement to U.S.S.G. § 2L1.2); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (holding that recklessness and gross negligence are not sufficient mens rea to establish a crime of violence under § 16(a)'s force clause) (en banc); *see also Bell*, 158 F. Supp. 3d at 912 (collecting cases).

[3] *Compare* 18 U.S.C. § 924(e)(2)(e)(2)(B)(i) ("violent felony" means an offense "has as an element the use, attempted use, or threatened use of physical force against the person of another") *and* U.S.S.G. 2L1.2 ("crime of violence" means an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 924(c)(3)(A) ("crime of violence" means a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another") (emphasis added) *and* 18 U.S.C. § 16(a) ("crime of violence" means "an offense "that has as an element the use, attempted use, or threatened use of physical force against the

9

to another person." 559 U.S. at 140. However, *Johnson I* did not require a specific amount of force to satisfy the physical force requirement. *See Castleman*, 134 S. Ct. at 1417 (Scalia, J., concurring in part and concurring in judgment) (rejecting the argument that *Johnson I* "requires force capable of inflicting 'serious' bodily injury," as opposed to "force capable of causing physical pain or injury, serious or otherwise").

Recent Ninth Circuit opinions have applied *Johnson I*'s physical force requirement to crime of violence determinations under the ACCA, INA, and federal sentencing guidelines.[4] Although the Ninth Circuit has not specifically extended the *Johnson I* definition of "physical force" to § 924(c)(3), a number of district courts have done so when analyzing § 924(c)(3)(A)'s force clause. *See*, *e.g.*, *United States v. Bell*, 158 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (collecting cases). Both the force clause and the residual clause of § 924(c)(3) define a crime of violence to include "*physical force* against the person or property of another." 18 U.S.C. § 924(c)(3)(A), (B) (emphasis added). Therefore, it follows that the use of physical force or the substantial risk of using physical force required by § 924(c)(3) is also violent force. *Cf. Leocal*, 543 U.S. at 11 (finding that the ordinary meaning of "crime of violence," combined with the statutory "emphasis on the use of physical force against another person (or the risk of having to use such force in committing a crime), suggests a category of violent, active crimes").

The court will therefore apply the specialized physical force and intent requirements in its analysis of the whether the underlying charges meet § 924(c)(3)'s crime of violence definition.

## II. ANALYSIS OF THE UNDERLYING CHARGE: HOBBS ACT ROBBERY

In its Response (ECF No. 43), the government states that it is relying on § 924(c)'s force clause, not the residual clause, to show that Hobbs Act robbery qualifies as a predicate crime of

---

person *or property* of another") (emphasis added). The force clauses in the ACCA and U.S.S.G. 2L1.2 are nearly identical to § 924(c)(3)(A) and § 16(a). Sections 924(c) and 16(a) simply add "property" to their definitions.

[4] *See*, *e.g.*, *United States v. Parnell*, 818 F.3d 974, 979 (9th Cir. 2016) (conviction for armed robbery under Massachusetts law criminalizing any force however slight did not qualify as a violent felony under the ACCA's force clause because the degree of force was insufficient under *Johnson I*); *Werle*, 815 F.3d at 621–22 (conviction did not qualify as a violent felony under the ACCA's force clause because the Washington riot statute did not require the level of force defined in *Johnson I*); *Dominguez–Maroyoqui*, 748 F.3d at 920–21 (discussing U.S.S.G. § 2L1.2); *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013) (addressing 18 U.S.C. § 16(a)).

violence. For the reasons explained, the court finds that Hobbs Act robbery is categorically a crime of violence under the force clause. Accordingly, the court need not decide whether the residual clause is unconstitutionally vague. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

**A. Hobbs Act Robbery is a Categorical Match to the Generic Robbery Definition**

Under the categorical approach, the court must first identify the elements of Count One's robbery offense, which is charged under 18 U.S.C. § 1951. The Hobbs Act provides the following, in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both. …

18 U.S.C. § 1951(a).

Notably, although the Motion quotes § 1951's substantive provision and definition of robbery, it does not specifically identify the elements of the offense or acknowledge that the Hobbs Act creates multiple crimes other than robbery. *See* Mot. at 9, 19–20; Resp. at 3 (concurring with the implied argument that while the statute is divisible, Hobbs Act robbery is indivisible). Courts have concluded that the Hobbs Act creates "six functionally separate crimes": (1) interference with commerce by robbery; (2) interference with commerce by extortion; (3) attempt to interfere with commerce by robbery; (4) attempt to interfere with commerce by extortion; (5) conspiracy to interfere with commerce by robbery; and (6) conspiracy to interfere with commerce by extortion. *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1033. The Motion only addresses Hobbs Act robbery. Since the Indictment (ECF No. 29) specifically charges him with interference with interstate commerce by robbery, and the parties agree that this particular offense is not divisible, the court will only compare the robbery offense's elements with § 924(c)'s force clause.

A Hobbs Act robbery violation is comprised of two basic elements: the defendant either committed or attempted to commit, and a nexus between the defendant's acts and interstate

commerce. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (citing *United States v. Woodruff*, 122 F.3d 1185, 1185 (9th Cir. 1997)); *see also Stirone v. United States*, 361 U.S. 212, 218 (1960). The Hobbs Act defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added). Incorporating the statute's definition of robbery, the Ninth Circuit's model jury instructions indicate the government must prove three elements in a Hobbs Act robbery prosecution: (1) the defendant induced the victim to part with property by the wrongful use of actual or threatened force, violence, or fear; (2) the defendant acted with the intent to obtain property; and (3) commerce from one state to another was affected in some way. *See* 9th Cir. Model Crim. Jury Instructions, 8.143A Hobbs Act – Robbery or Attempted Robbery (added Sept. 2016, modified Dec. 2016); *see also Almanza-Arenas*, 815 F.3d at 480; *Chavez-Solis*, 803 F.3d at 1013 ("pattern jury instructions are a useful tool" when applying the categorical approach).

After identifying the elements of Hobbs Act robbery, the court compares those elements to the generic offense's elements to see if they are a categorical match. *Almanza-Arenas*, 815 F.3d at 476. The generic federal definition of "robbery" is " 'aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person'." *United States v. Velasquez-Bosque*, 601 F.3d 955, 958 (9th Cir. 2010) (quoting *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008)). The court finds that the Hobbs Act definition of robbery is a categorical match to the generic robbery definition as it reflects a misappropriation of property—"the unlawful taking or obtaining of personal property"—under circumstances involving immediate danger to the person—"from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*…." 18 U.S.C. § 1951(b)(1) (emphasis added); *see also United States v. Nedley*, 255 F.2d 350 (3d Cir. 1958) (explaining that the definition of robbery stated in the Hobbs Act "is in complete accord

///

with settled construction of common law robbery"). Accordingly, the court concludes that the elements of Hobbs Act robbery are a categorical match to the generic definition.

### B. Hobbs Act Robbery Requires that a Defendant Intentionally Use Violent Physical Force

To constitute a crime of violence under § 924(c)'s force clause, Hobbs Act robbery must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another ...." 18 U.S.C. § 924(c)(3)(A). Mr. Washington argues that Hobbs Act robbery does not have as an element the intentional use, attempted use, or threatened use of violent physical force. The court disagrees.

Directly addressing the intent element, Ninth Circuit case law and model jury instructions demonstrate that the government is required to prove that "the defendant acted with the intent to obtain property." *See Du Bo*, 186 F.3d at 1179 ("Although not stated in the Hobbs Act itself, criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction.") (citing *United States v. Soriano*, 880 F.2d 192, 198 (9th Cir. 1989)); 9th Cir. Model Crim. Jury Instructions, 8.143A Hobbs Act – Robbery or Attempted Robbery. Thus, Washington has not established that Hobbs Act robbery encompasses reckless or negligent conduct.

With regard to the amount or level of force required, the Ninth Circuit has stated in dicta that Hobbs Act robbery "indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993); *see also Smith*, 215 F. Supp. 3d 1031–32 ("In dicta, the [*Mendez*] court also noted that robbery 'indisputably' qualifies as a crime of violence under the force clause."). Although the decision was unpublished, the Ninth Circuit recently confirmed that Hobbs Act robbery qualifies as a crime of violence under § 924(c). *Howard*, 650 Fed. App'x. at 468 (rejecting assertion that Hobbs Act robbery is not a categorical match for § 924(c)'s force clause because the offense could be accomplished by putting someone in "fear of injury"). In *Howard*, the court noted that the defendant's arguments regarding intimidation were unpersuasive and foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). 650 Fed. App'x. at 468. *Selfa* held that the federal bank robbery statute, 18 U.S.C.

§ 2113(a), which was analogous to Hobbs Act robbery, may be violated by "force and violence, or by *intimidation*"[5] and therefore qualifies as a crime of violence under the sentencing guidelines. 918 F.2d at 751 (addressing a charge of unarmed bank robbery); *see also United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (holding that armed bank robbery qualifies as a crime of violence under § 924(c)'s force clause). The court held that putting a victim in "fear of injury" satisfies the violent physical force required under § 924(c)'s force clause.

The Ninth Circuit recently confirmed that *Selfa* and *Wright* remain good law. *United States v. Cross*, 2017 WL 2080282, at *1 (9th Cir. May 15, 2017) ("No intervening authority has overruled these precedents."). Although the *Howard* opinion is unpublished and therefore not precedential, the court is persuaded that *Castleman* and *Selfa*'s reasoning applies the Hobbs Act robbery. *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1033–34; *United States v. Wells*, No. 14-cr-00280-JCM-GWF, 2015 WL 10352877, at *5–*6 (D. Nev. Dec. 30, 2015) (Hobbs Act robbery is crime of violence under § 924(c)(3)(A) and the Supreme Court's *Castleman* decision forecloses idea that fear or intimidation does not satisfy the physical force requirement), *adopted by* 2016 WL 697107 (Feb. 19, 2016). Fear of injury is sufficient to satisfy § 924(c)'s force clause.

In addition, Hobbs Act robbery requires *violent* physical force for conviction, not *de minimis* force. The Motion argues that common-law robbery includes uses of de minimis force and the particular degree of violence is immaterial so long as it is sufficient to overcome the victim's resistance and transfer property to the robber. Mot. at 11. This argument glosses over a key point: it acknowledges that the force must be "sufficient to overcome resistance." *Id*. (citing 77 Corpus Juris Secundum, John A. Glenn, et al., Robbery § 23). This statement of law narrows the range of conduct to exclude slight or offensive touching. *Johnson I* held that physical force is violent force, *i.e.*, "force capable of causing physical pain or injury to another person," 559 U.S. at 140, but it did not require "force capable of inflicting 'serious' bodily injury." *See Castleman*, 134 S. Ct. at 1417. *Johnson I* and *Castlemen* render Washington's arguments unavailing.

---

[5] The Hobbs Act uses the word "fear" rather than "intimidation," but this was a distinction without a difference in *Howard*. *See* 650 Fed. App'x. at 468 ("intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*").

In the absence of explicit statutory text expanding generic robbery to any degree of force used, defendants must identify a binding decision interpreting the statute in the manner they suggest. *See, e.g.*, *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (noting that the categorical approach's focus on the minimum conduct criminalized by a statute "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime' ") (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)); *United States v. Mendoza*, No. 2-16-cr00324-LRH-GWF, 2017 WL 2200912, at *6–7 (D. Nev. May 19, 2017) (rejecting identical arguments and finding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause). Mr. Washington relies heavily on legal treatises and different state and federal robbery statutes to support his position but does not cite binding case law, or even persuasive authority, showing actual convictions for Hobbs Act robbery for using or threatening to use nominal force. Every federal court in the Ninth Circuit, including every judge in this district, has determined that Hobbs Act robbery qualifies as a crime of violence under § 924(c) based on its elements. *See* Resp. at 4–6 (collecting cases). With good reason. Washington's arguments do not present a realistic probability that de minimis force would support a Hobbs Act robbery conviction. *See Smith*, 215 F. Supp. 3d at 1033–34 (noting that the Hobbs Act's "robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence").

Accordingly,

**IT IS ORDERED** that Defendant Fedel Ezekiel Sakers' Motion for Joinder (ECF No. 48) is GRANTED to the extent that he is permitted to join in the substantive arguments.

**IT IS RECOMMENDED** that Defendant Joshua Sadat Washington's Motion to Dismiss (ECF No. 43) be DENIED.

Dated this 31st day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE