UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00279-JAD-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JOSHUA SADAT WASHINGTON, | (Mot. Subpoenas Trial Witnesses – ECF No. 175) |
| Defendant. | |

This matter is before the court on Defendant Joshua Sadat Washington's Motion Requesting Subpoenas for Witnesses for Trial(ECF No. 175), which was filed pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure[1] on February 12, 2018. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-7(g) of the Local Rules of Practice.

**BACKGROUND**

On August 17, 2016, the United States initially filed a Criminal Complaint (ECF No. 1) against Mr. Washington. The initial complaint charged Washington with interference with commerce by robbery in violation of 18 U.S.C. § 1951 and § 2, and transportation of stolen goods in violation of 18 U.S.C. § 2314 and § 2. The interference with commerce by robbery charge arises out of a robbery at a Las Vegas jewelry store that occurred on August 13, 2016. The transportation of stolen goods charge arises from a package that UPS representatives alerted to on August 16, 2016. UPS representatives found the heavy package suspicious and, upon further examination, determined that the package was full of jewelry.

In September 2016, a federal grand jury returned an indictment charging Mr. Washington with interference with commerce by robbery and transportation of stolen goods. *See* Indictment

---

[1] All references to a "Rule" or the Rules" in this Order refer to the Federal Rules of Criminal Procedure.

1

(ECF No. 11). A Superseding Indictment (ECF No. 19) was filed in November 2016, charging Washington and co-defendant Fedel Ezekiel Sakers with interference with commerce by robbery and transportation of stolen goods. A Second Superseding Indictment (ECF No. 29) was returned January 25, 2017, which charged both defendants with the additional count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2. The parties have stipulated to numerous continuances of the calendar call, trial date, and motions deadline since the second superseding indictment was returned. Trial is currently set for February 27, 2018, at 9:00 AM, with calendar call on February 20, 2018, at 1:30 PM. *See* Mins. of Proceedings (ECF No. 132); Order Regarding Trial (ECF No. 173).

Washington's Motion (ECF No. 175) asks the court to issue subpoenas to 27 witnesses to compel their testimony at his trial: Petra Martinez, Africa Calvillo, Alfredo Valiente, and Terry Valiente, employees and owners of Alfredo's Jewelry store; Thomas Ticano, Phalon Mauntel, Travis T. Cunningham, LVMPD robbery detectives and officers; James J. Mollica, Jr., SA Schlumpf, Matthew Lanthorn, Arthur Hopewell, and Alejandro, Las Vegas and Miami FBI agents; Nathaniel Baez, a Verizon store sales representative and witness; Lonnie Lemos, a "witness"; Halley Joiner, Maria Chiang, and Laurie Bonnefin, employees and a manager of a Las Vegas UPS Store; Randy Cambridge, Rafael Bonelly, and Andrew Paul Davis, a UPS driver, supervisor, and security investigator in Hialeah, Florida; Julie Foster, Broward County Sherriff; Brian Jerome, an employee of the Florida Department of Law Enforcement; Joseph Castro and Michael Ruiz, employees of the Miami Gardens Police Department; Larry Anderson and Annette Anderson, employees of Storage West; and Daniel Schiess, an Assistant United States Attorney serving in the District of Nevada. The Motion states that Washington is requesting these witnesses be present for an "adequate defense."

## DISCUSSION

### I. LEGAL STANDARD

The Sixth Amendment guarantees that every person charged with a federal crime shall have compulsory process for obtaining witnesses in his favor. U.S. Const. amend. VI. Criminal defendants have the right under compulsory process clause to the government's assistance in

2

compelling the attendance of favorable witnesses at trial. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *United States v. Collins*, 551 F.3d 914, 926–27 (9th Cir. 2009).

Rule 17 governs the issuance of subpoenas in criminal proceedings. *See, e.g.*, *United States v. Sellers*, 275 F.R.D. 620, 622 (D. Nev. 2011). LCR 17-1 of the Local Rules of Criminal Practice also governs the issuance of subpoenas in criminal cases. LCR 17-1(b) states that pro se defendants are required to apply under Rule 17(b) "for the issuance of subpoenas, whether for service within or outside of the District of Nevada." Rule 17(b) describes the procedure for defendants who are unable to pay the requisite witness fees and permits an *ex parte* sealed application by a defendant requesting that the court issue a subpoena. Although prior judicial authorization is required, a defendant may file a Rule 17(b) subpoena request under seal and *ex parte* in order to "put the defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *Sellers*, 275 F.R.D. at 622–24 (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995)). "A motion under Rule 17(b) is addressed to the sound discretion of the trial court." *United States v. Shirley*, 884 F.2d 1130, 1132 (9th Cir. 1989) (citation omitted).

The court may authorize issuance of a subpoena to an indigent defendant if the defendant shows (1) "an inability to pay the witness's fees," and (2) "the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). However, a defendant "does not have an absolute right to subpoena witnesses at government expense." *Shirley*, 884 F.2d at 1132; *see also United States v. Moore*, 917 F.2d 215, 231 (6th Cir. 1990) (" 'Neither rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court'.") (quoting *United States v. Bennett*, 675 F.2d 596 (4th Cir. 1982)). A trial court may properly refuse to issue a subpoena when: (i) a defendant fails to shows the necessity of the witness' testimony, (ii) the testimony sought is cumulative, (iii) a defendant's request is untimely, or (iv) the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) (collecting cases).

Rule 17(b) requires that a subpoena be issued on the condition that a witness' presence is necessary to the defense. "Necessary" means "relevant, material and useful." *See, e.g.*, *United*

3

*States v. Hernandez-Urista*, 9 F.3d 82, 83–84 (10th Cir. 1993); *Moore*, 917 F.2d at 230; *United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974). "To show necessity, a defendant must demonstrate particularized need." *Hernandez-Urista*, 9 F.3d at 83–84. "Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." *United States v. Youngman*, 481 F.3d 1015, 1017 (8th Cir. 2007) (citation omitted). "A 'conclusory statement' that a witness is needed for a defense does not satisfy the burden under Rule 17(b)." *Id.* (citing *United States v. Oates*, 173 F.3d 651, 659 (8th Cir. 1999) (statement that witness is needed to "introduce testimony at trial for his defense" does not satisfy Rule 17(b)); *see also United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) (holding that district court did not abuse its discretion in denying subpoenas because defendant failed to explain what the additional witnesses' testimony could add to previous testimony) (citing *Sims*, 637 F.2d at 629); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). "A defendant bears the burden of demonstrating that the testimony of the witness is both material and favorable to the defense." *Youngman*, 481 F.3d at 1017 (citation omitted); *United States v. Redd*, 355 F.3d 866, 878 (5th Cir. 2003); *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987).

II. ANALYSIS

Mr. Washington's Motion provides no information at all regarding the witnesses' proposed testimony. The Motion merely identifies 27 individuals and states they are needed for an adequate defense. This is insufficient. Rule 17(b) requires that he explain to the court how each witness is necessary to his defense. He must show that each witness is both material and favorable to his defense, not just that he wants them all to appear at trial. *See Redd*, 355 F.3d at 878 (finding that a criminal defendant " 'must at least make some plausible showing' " of how a proposed witness' testimony would be " 'both material and favorable to his defense' ") (quoting *Valenzuela-Bernal*, 458 U.S. at 867). The court will therefore deny the Motion without prejudice.

In addition, the court notes that the Motion fails to provide an address to serve one witness, Lonnie Lemos. Pursuant to Rule 17(d), a subpoena must be served personally on a witness. *Ferrari v. United States*, 244 F.2d 132, 141 (9th Cir. 1957). The right to compulsory process is limited by the court's ability "to obtain the presence of a witness through service of process."

*United States v. Beyle*, 782 F.3d 159, 170 (4th Cir. 2015) (citation omitted). Thus, the court may deny issuance of a subpoena where the witnesses cannot be located. *See, e.g.*, *Thor v. United States*, 574 F.2d 215, 220 (5th Cir. 1978). Should Mr. Washington choose to renew his request for subpoenas, he must submit an address where the United States Marshal may attempt personal service of a subpoena on the witness, as well as meet the other requirements of Rule 17(b).

Finally, with respect to his request to subpoena Assistant United States Attorney Daniel Schiess, Washington must demonstrate a *compelling need* for his testimony. Mr. Washington has raised Mr. Schiess' friendship with the owner of the jewelry store many times before. Washington apparently believes this friendship constitutes a conflict of interest which prevents the entire U.S. Attorneys' Office from prosecuting him. His many lawyers have explained that this is not the law. His last lawyer, Mr. Marchese filed a Memorandum (ECF No. 121) as directed by the court addressing a number of issues including Mr. Washington's perception of a conflict of interest. In it he explains that both the American Bar Association's Model Rules of Professional Conduct and the Nevada Rules of Professional conduct contain no provisions disqualifying an entire prosecutor's office because a prosecutor in the office knows a victim.

The court also directed the government to respond to Mr. Washington's concerns in writing. The government filed a Memorandum (ECF No. 118), *as amended by* ECF No. 120, representing to the court that Mr. Schiess recused himself from any involvement in this case from the beginning, was not involved in any intake procedure, had no input into the filing of the complaint, and no involvement or approval of this prosecution. The government also represented that Mr. Schiess was not involved in the negotiation process, and that his self-recusal was documented in an FBI 302 dated September 9, 2016, which was attached as exhibit to the memorandum and produced in discovery.

Although Mr. Schiess is not the prosecutor assigned to this case and the government has affirmatively represented he recused himself from any involvement, Mr. Washington wants to call a very experienced prosecutor in the U.S. Attorneys' Office as a witness. This is rarely, if ever, a good idea. "The advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation." *United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir. 1985).

The rule is "designed to prevent prosecutors from taking advantage of the natural tendency of jury members to believe in the honesty of lawyers in general, and government attorneys in particular, and to preclude the blurring of the 'fundamental distinctions' between advocates and witnesses." *United States v. Hermanek*, 289 F.3d 1076, 1099 (9th Cir. 2002) (citing *United States v. Edwards*, 154 F.3d 915, 922 (9th Cir. 1998)); *see also United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir. 1999) (stating that the policies underlying the advocate-witness rule "are related to the concern that jurors will be unduly influenced by the prestige and prominence of the prosecutor's office and will base their credibility determinations on improper factors") (citation omitted). Since Mr. Schiess is not a participating prosecutor, the advocate-witness rule does not prohibit his testimony. However, the natural tendency of jurors to believe government attorneys, and to be influenced by the prestige of his office is something Washington should consider before asking for his testimony. Moreover, Washington must still show that his proposed testimony is relevant and material to the defense of his case. *See United States v. Nixon*, 418 U.S. 683, 709 (1974).

For the reasons explained,

**IT IS ORDERED:** Defendant Joshua Sadat Washington's Motion Requesting Subpoenas for Trial Witnesses (ECF No. 175) is **DENIED without prejudice**.

Dated this 13th day of February, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE