**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

Plaintiff

v.

Joshua Sadat Washington, et al.,

Defendants

Case No.: 2:16-cr-00279-JAD-PAL

**Order Adopting Report of Findings and Recommendation on Motion to Suppress, Overruling Objections, and Denying Motion to Suppress**

[ECF Nos. 135, 150, 163]

Defendant Joshua Sadat Washington was indicted on charges of Hobbs Act Robbery, Brandishing a Firearm in Furtherance of a Crime of Violence, and Transportation of Stolen Goods, after a UPS employee opened a box that Washington shipped[1] from Las Vegas to Florida and found handfuls of stolen jewelry from an armed jewelry-store robbery just days before.[2] Washington moves to suppress the fruits of that search and the derivative evidence that it led to, arguing that law enforcement violated Washington's Fourth Amendment rights by searching the package without a warrant.[3] After an evidentiary hearing, Magistrate Judge Peggy Leen found in a comprehensive report and recommendation (R&R) that the uncontroverted testimony established that the search of the package was a private search conducted by a UPS security investigator in Florida.[4] And because the Constitution does not protect against warrantless searches by private individuals, she recommends that I deny Washington's motion to suppress.[5]

---

[1] *See* ECF No. 54 (arguing that Washington had a legitimate expectation of privacy in the package and that his privacy right "was not extinguished when he mailed the package").

[2] ECF No. 29 (second superseding indictment).

[3] ECF No. 54 (motion to suppress).

[4] ECF No. 135.

[5] *Id*. at 26.

1

Washington objects.[6] He contends that there are "discrepancies" in the sequence of events leading to and following the search, and he asks for "a de novo evidentiary hearing for this Court to assess the credibility of the government's witnesses and to determine the precise sequence of events leading to the search and seizure of the UPS package."[7] But Washington's "discrepancies" are largely unsupported by any evidence and, even if they were supported, they are immaterial to the legal conclusion that the search was a private one that did not implicate Washington's Fourth Amendment rights. So, I overrule Washington's objections, adopt the R&R, and deny Washington's motion to suppress.

## Background

### A. Washington's motion to suppress

The scope of the motion to suppress was straightforward. Washington—then represented by the Federal Public Defender's office—argued that "the precise sequence of events leading to the search and seizure of the UPS package" was "unclear" but suggested that the search may have been conducted by UPS employee Andrew Davis at the direction of the FBI, making him an instrument of law enforcement.[8] He alternatively argued that, even if the search was truly private, agents exceeded the scope of the private search.[9] Thus, he concludes, the fruits of that warrantless search, and all evidence that derived from those fruits, must be suppressed.[10]

### B. The evidentiary hearing

The testimony from the government's witnesses at the evidentiary hearing dispelled any notion that the search was conducted by or at the direction of law enforcement. The magistrate judge heard from Mr. Davis, the UPS employee who opened the box; and Broward County

---

[6] ECF No. 163.

[7] *Id*. at 1.

[8] ECF No. 54 at 8.

[9] *Id*. at 9–10.

[10] *Id*. at 10–12.

2

Sheriff Detective Julie Foster, whom Mr. Davis showed the contents of the box to after he opened it.[11] Their testimony established a single, consistent sequence of events: Davis, suspecting the package to contain marijuana, opened the package alone. No law enforcement officer encouraged him to do so or was aware that he was going to open it before he did so. Only after he opened it and discovered that it contained jewelry did he communicate with Detective Foster—who happened to be in the UPS office completing paperwork on an unrelated drug parcel that she was retrieving. She did not open any of the contents of the package; she only looked at and examined what Davis showed her.[12] She then photographed the jewelry and sent those pictures to the Las Vegas Metropolitan Police Department because the package was shipped from Las Vegas.[13]

Washington also testified at the suppression hearing, pointing out what he believed to be some discrepancies. But those discrepancies all went to a different part of the timeline than the one material to the search. Washington testified that he believed that the box was opened first by someone in Las Vegas, and he stated that he had "personal knowledge" of that event.[14] Government counsel indicated that he would stipulate that the box was opened by UPS from its dispatch point in Las Vegas, but the employee who opened it did not involve or alert law enforcement, and this earlier package opening was not raised as a basis for the motion to suppress.[15] Washington also testified that he believed that some of the contents of the package

---

[11] ECF No. 149 at 11–50 (transcript of 12/11/17 suppression hearing); ECF No. 135 at 12–16. (R&R). I read the transcript of the hearing and also listened to the audio recording of the testimony to assess the tone and demeanor of the witnesses. Any suggestion by Washington that the government's witnesses were not credible, *see* ECF No. 163 at 1, is unfounded; it is also unsupported by any analysis.

[12] *See id.*

[13] *Id.* at 52–53.

[14] *Id.* at 64, l. 5–6.

[15] *Id.* at 70–71.

were switched, but he could offer no evidence or coherent explanation for that theory.[16] After probing by the court, it came to light that this "discrepancy" stemmed from a mistake in the government's opposition to the motion to suppress—government counsel had erroneously written that the UPS box contained only one package (an envelope),[17] but he realized while preparing for the hearing that there were "actually a couple of boxes inside the one single parcel that was opened."[18]

**C.    The magistrate judge's findings and recommendations**

In a 26-page report and recommendation, Magistrate Judge Leen accurately summarized the procedural history of this case, the parties' suppression theories and arguments, the testimony at the December 11, 2017, evidentiary hearing, and the applicable law.[19] She found that Washington failed "to establish by a preponderance of the evidence that Andrew Davis, the UPS security investigator who opened the UPS parcel at issue, acted as a government instrument or agent" or that "Detective Foster exceeded the scope of [that] . . . private search when she examined the UPS parcel and its contents, or when she photographed the items Davis presented to her."[20] Magistrate Judge Leen further concluded that Davis's and Foster's testimony "was credible and uncontroverted" and that "Washington did not provide any evidence or testimony refuting" it.[21] And because "the Fourth Amendment does not protect against unreasonable intrusions by private individuals," and Washington did not show that Davis "was an instrument

---

[16] *Id*. at 67–69.

[17] ECF No. 85 (government's opposition to motion to suppress) at 2.

[18] ECF No. 145 at 4:9–13 (hearing transcript); 73:3-8 ("The Court:  I think I understand what you're saying, Mr. Washington.  You're saying, his opposition was different, and that's what he's trying to concede; that what he put in his paper opposing the Motion to Suppress that was filed on your behalf is different from what the witnesses just testified to in here in open court.  Is that your point, sir?  [Washington]:  Yes.").

[19] ECF No. 135.

[20] *Id*. at 24.

[21] *Id*. at 24–25.

4

or agent of the government" when he searched the UPS package, she recommends that I deny Washington's motion to suppress.[22]

### D. Washington's objections

Washington objects to the recommendation that his motion to suppress be denied.[23] He claims that his attorney was unprepared for the hearing.[24] He then reiterates the what-was-in-the-package discrepancy that he testified about at the hearing.[25] And he adds three more "major discrepanc[ies]": (1) Las Vegas UPS store employee Ms. Halley opened the package because she thought it was suspicious, but another employee Ms. Chiang said the package was not suspicious and was never opened in Las Vegas; and (2) police went to the Las Vegas UPS store to talk to the employee who handled the transaction regarding Mr. Washington on Monday, August 15, 2016, but law enforcement claim that the investigation did not begin until the package was searched in Florida on Tuesday, August 16th;[26] and (3) the criminal complaint states that UPS contacted the Local Police Department who contacted the FBI, but Ms. Foster testified that she contacted Las Vegas Metro, who contacted the FBI.[27]

## Discussion

A district court's review of a magistrate judge's report and recommendation to deny a motion to suppress is governed by § 636(b)(1)(C) of the Federal Magistrates Act, which requires the district judge to "make a de novo determination of" only "those portions of the report or

---

[22] *Id*. at 25–26.

[23] ECF No. 163. Washington sought and was granted additional time to prepare his objections, as he made the choice to discharge counsel and represent himself between the evidentiary hearing and the R&R. *See* ECF No. 141 (request for extension of time); 147 (order granting the request in part because Washington asked for more time than was needed in light of the fact that the court had ordered an expedited transcript of the evidentiary hearing for him).

[24] ECF No. 163 at 5.

[25] *Id.* at 6–11.

[26] *Id*. at 13.

[27] *Id.* at 14.

5

specified proposed findings or recommendations to which objection is made."[28] "The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."[29] This district's local rule IB 3-2(b) similarly requires a district judge to conduct a de novo review only "of those portions of the specified findings or recommendations to which objections have been made."[30]

Washington does not object to any of the magistrate judge's specific findings or recommendations. Instead he claims that his lawyer was not sufficiently prepared for the hearing, reiterates that there was a discrepancy between the package-contents description in the government's opposition and what discovery and the hearing testimony established, and tries to raise questions about the sequence of events. But these claims are either unsupported by the record or immaterial to the magistrate judge's findings, conclusions, and recommendations. So, after carefully reviewing the hearing testimony, all the briefing, and the procedural history of this case, I find that the magistrate judge's findings are well founded and that her legal analysis is sound, and I adopt them and follow her recommendation.

**A. The record does not reflect that defense counsel was unprepared.**

Washington's first objection is that his counsel was not prepared for the evidentiary hearing.[31] He points to counsel's statement at the hearing that the defense did not have any additional evidence or witnesses to put on, when Washington had a very different view of how defense counsel should have proceeded.[32] But the record of the hearing (and indeed, of this entire case) reflects not counsel's lack of preparation, but a strong difference of opinion in

---

[28] 28 U.S.C. § 636(b)(1)(C).

[29] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

[30] L.R. IB 3-2(b).

[31] ECF No. 163 at 5.

[32] *Id*.

strategy between Mr. Washington and the many attorneys that represented him—and that he dismissed—before he chose to represent himself.[33]

Even if I could conclude that defense counsel was unprepared, Washington has not shown that the lack of preparation made any difference to the outcome of the hearing. Washington was able to raise the additional issues that he thought needed to be addressed when he took the stand over counsel's advice.[34] And Washington does not argue what, if anything, would have been different with additional preparation. So, I cannot conclude that Washington's counsel was unprepared for the suppression hearing or that, if he were, a new hearing is justified.

**B.     The discrepancies are immaterial to the suppression issue.**

None of the discrepancies in the sequence of events that Washington points out undermine Magistrate Judge Leen's findings or conclusions either. Washington devotes the majority of his motion to reiterating that the government originally stated in its opposition that the only other package in the UPS box was a Federal Express envelope, but that the government changed its theory at the hearing, ultimately claiming that the UPS box contained multiple smaller packages.[35] Government counsel acknowledged and corrected the error at start of the evidentiary hearing.[36] The testimony by Davis about the contents of the box was consistent with that revised description of the UPS box's contents.[37] And even Washington does not dispute the revised description of the box's contents; indeed, he acknowledges that it contained other boxes.[38] In short, Washington does not demonstrate how this error in the government's

---

[33] *See* ECF No. 135 at 18, n.1 (accurately summarizing this history specifically with respect to the motion to suppress).

[34] ECF No. 149 (transcript) at 61:7–15.

[35] *See* ECF No. 163 at 6–11.

[36] *See* ECF No. 149 at 4.

[37] ECF No. 149 at 19–23.

[38] ECF No. 163 at 7.

opposition—corrected before the evidentiary hearing began and in a manner consistent with Washington's own theory—undermines Magistrate Judge's Leen's findings or conclusions.

The same is true of Washington's remaining discrepancies. Using a cartoon diagram and captions, Washington asserts that Las Vegas UPS store employee Ms. Halley opened his package before shipping it to Florida "because she thinks it's suspicious," yet another employee, Ms. Chiang, "states that the package was not suspicious and it was never opened."[39] Washington cites Exhibit A and Exhibit B for these propositions, but he did not attach any exhibits to his objection,[40] and I cannot find any exhibits A or B in the record that would correspond to these representations.

Even if I could validate these factual representations, they have no bearing on the issues in this motion to suppress. The motion is focused on the opening of, and search of, the package in Florida; it makes no argument that the package was improperly searched in Las Vegas. And as the Magistrate Judge accurately summarized and Washington does not dispute, "there is nothing in the record to suggest that the UPS employee who opened the package in Las Vegas before shipping it to Florida had any contact with anyone in law enforcement who requested, induced, or caused her to open the package."[41]

A lack of evidentiary support also plagues Washington's objection that the timeline of events is "not adding up" because "The police came by the UPS Store in Las Vegas asking to speak to the employee who handled the transaction" on Monday, August 15, 2016, yet "[s]upposedly a UPS driver in Miami thought the package was suspicious[, so] UPS open[ed] the package and call[ed] law enforcement" on August 16th.[42] But Washington points to no evidence

---

[39] ECF No. 163 at 12.

[40] *See generally* ECF No. 163.

[41] ECF No. 135 at 25.

[42] ECF No. 163 at 13.

8

in the record that law enforcement in Las Vegas were on his trail even before Davis opened the UPS package in Florida. So, I cannot conclude that this "major discrepancy" even exists.

Washington's last objection that the sequence of events in Florida recited in the criminal complaint differs from other reports is not supported by any record citation and is inconsistent with my review of the record. Washington claims that the facts recited in the criminal complaint suggest that UPS contacted local police, who then contacted the FBI, but other reports show that Mr. Davis showed the jewelry to Ms. Foster (a "Non Local Police Broward County") who then emailed photos of the jewelry to Las Vegas Metropolitan Police Department, which then contacted the FBI. Washington does not identify what other "Reports" he is relying on. And I disagree with his characterization of the complaint: it also recites that photos were forwarded to investigators in Las Vegas, it just does not say which law enforcement agency forwarded them.[43] But it doesn't matter to this suppression issue. The evidence at the suppression hearing showed that the search occurred before local police, the Las Vegas Metropolitan Police Department, or the FBI were contacted.

## Conclusion

Accordingly, I find that Washington's objections to the Magistrate Judge's report of findings and recommendation to deny Washington's motion to suppress are without merit. I thus overrule those objections, adopt the R&R in its entirety, and deny Washington's motion to suppress.

**IT IS THEREFORE ORDERED that:**

- The Report of Findings and Recommendation **[ECF No. 135] is ADOPTED** in its entirety;
- Washington's Objections to it **[ECF No. 163] are OVERRULED**; and
- Washington's Motion to Suppress **[ECF No. 54] is DENIED**.

Dated this 20th day of February, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[43] ECF No. 1 at 5.