UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSHUA SADAT WASHINGTON,<br><br>Defendant. | Case No. 2:16-cr-00279-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Contempt – ECF No. 231) |

This matter is before the court on Defendant Joshua Sadat Washington's Motion to Hold Corporation Trust Company of Nevada in Contempt (ECF No. 231). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3) and LR IB 1-7(g) of the Local Rules of Practice.

Mr. Washington was initially charged in a Criminal Complaint (ECF No. 1) filed August 17, 2016. A federal grand jury returned an Indictment (ECF No. 11) on September 28, 2016, charging Washington with interference with commerce by robbery and transportation of stolen goods. A Superseding Indictment (ECF No. 19) was filed November 9, 2016. A Second Superseding Indictment (ECF No. 29) was returned January 25, 2017, charging Mr. Washington with an additional brandishing count: Count One – interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951; Count Two – brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2; Count Three – transportation of stolen goods in violation of 18 U.S.C. § 2314.

Since charges were initially filed, the parties stipulated to numerous continuances of the trial date and motions deadline. *See, e.g.*, ECF Nos. 23, 26, 28, 36, 37, 68, 75, 89, 93. The trial was ultimately set for February 27, 2018, with calendar call on February 20, 2018. Order Regarding Trial (ECF No. 173). Calendar call and a jury trial proceeded as scheduled. Mins. of Proceedings (ECF Nos. 182, 190, 200, 203, 206, 217, 219).

About three weeks prior to trial, Washington filed his first Motion Requesting Subpoena (ECF No. 160) for documents from Storage West. The court found that Mr. Washington met his threshold burden of establishing the need for pretrial production of the materials described in his motion and granted his request. Feb. 6, 2018 Order (ECF No. 165). The United States Marshals Service ("USMS") was instructed to attempt service of a subpoena duces tecum on an expedited basis. *Id*. The custodian of records for Storage West was ordered to produce responsive records by 4:00 PM on February 19, 2018. *Id*. The subpoena was returned unexecuted on February 9, 2018, because the facility manager was unable to accept service and directed that service be made on Storage West's resident agent, the Corporation Trust Company of Nevada ("Corporation Trust"), which is located in Reno, Nevada. *See* Subpoena Returned Unexecuted (ECF No. 174).

On the first day of trial, February 27, 2018, Washington filed an Emergency Motion for Subpoena (ECF No. 193) seeking production of materials from Storage West. The new motion requested the same materials but with service of the subpoena to Corporation Trust. The court granted the motion and instructed the USMS to attempt service on an expedited basis to Corporation Trust. Feb. 27, 2018 Order (ECF No. 198); Subpoena (ECF No. 199). The custodian of records was ordered to produce responsive records by 4:00 PM on March 5, 2018. *Id*.

The jury returned a guilty verdict on March 7, 2018. Mins. of Proceedings (ECF No. 219). The subpoena was also returned unexecuted on March 7, 2018, because there was insufficient time to accomplish service. *See* Subpoena Returned Unexecuted (ECF No. 218). A notice of electronic filing was delivered to Washington's stand-by counsel, Telia U. Williams, Esq., regarding the unexecuted service. *Id*.

Washington's current Motion (ECF No. 231) asks the court to hold Storage West's resident agent, Corporation Trust, in contempt because he never received documentation from Storage West. The motion states that Ms. Williams was unsuccessful in her attempts to contact anyone from Corporation Trust during the trial. After the trial, Washington's wife was given a different address in Carson City, Nevada, for Corporation Trust. Mr. Washington argues the subpoenaed documentation was important evidence he needed to prepare for trial and is still important. Thus, he asks the court to help him get the information and hold Storage West in contempt.

Non-compliance with a subpoena issued pursuant to under Rule 17 of the Federal Rules of Criminal Procedure may be deemed a contempt of court. Fed. R. Crim. P. 17(g) ("A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e)."). "However, before a person can be found in contempt, it must be shown that he had the ability to comply with the subpoena." *United States v. Cederquist*, 641 F.2d 1347, 1352 (9th Cir. 1981) (citing *United States v. Jacobs*, 322 F. Supp. 1299, 1302 (C.D. Cal. 1971)).

Here, Mr. Washington has not shown that Corporation Trust or Storage West had the ability to comply with the subpoenas. In criminal cases involving an indigent defendant, the USMS serves a subpoena upon order of the court. Fed. R. Crim. P. 17(b), (d); 28 U.S.C. §§ 1821, 1825. Service was not completed for either of the subpoenas in this case. *See* Subpoenas Returned Unexecuted (ECF Nos. 174, 218). It was Washington's responsibility to provide the USMS with sufficient information to accomplish service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). In addition, he did not provide enough time for the USMS to complete service of the second subpoena before the jury rendered its verdict. Because Corporation Trust or another agent of Storage West authorized to accept service of legal process were not served they did not disobey the subpoena and there is no basis for the court to hold either entity in contempt.

To the extent Washington's motion requests a new subpoena to Storage West, that request is denied. A Rule 17 subpoena request is untimely when the request is made at the end of trial or after a verdict is rendered. *United States v. Etimani*, 328 F.3d 493, 501 (9th Cir. 2003).

**IT IS ORDERED:** Defendant Joshua Sadat Washington's Motion to Hold Corporation Trust Company of Nevada in Contempt (ECF No. 231) is **DENIED**.

Dated this 1st day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3