UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00279-JAD-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| JOSHUA SADAT WASHINGTON, | (Am. Mot. Reconsider – ECF No. 250) |
| Defendant. | |

This matter is before the court on Defendant Joshua Sadat Washington's Amended Motion to Reconsider (ECF No. 250), filed June 20, 2018. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)). Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Reconsideration may be appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2004) (quoting *School Dist. No. 1J, Mutlnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1. However, reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

On June 1, 2018, the court denied Washington's Motion to Hold Corporation Trust Company of Nevada in Contempt (ECF No. 231). Order (ECF No. 243). The motion asked the

court to hold Storage West's resident agent, Corporation Trust Company of Nevada ("Corporation Trust"), in contempt because Washington never received the documentation requested in the subpoena. The court found Washington failed to show that Corporation Trust or Storage West had the ability to comply because the subpoenas were returned unexecuted. *See* ECF Nos. 174, 218.[1] Before a subpoenaed witness can be found in contempt, a movant must show that the witness had the ability to comply with the subpoena. *United States v. Cederquist*, 641 F.2d 1347, 1352 (9th Cir. 1981). The court stated that it was "Washington's responsibility to provide the USMS with sufficient information to accomplish service," and he also failed to provide enough time for the USMS to complete service of the second subpoena before the jury rendered its verdict." Order (ECF No. 243) at 3. *See also* U.S. Marshals Service, *Public Defender's Handbook* (stating that at least 10 working days should be given for service when the USMS serves a subpoena for an indigent defendant), *available at* www.usmarshals.gov/prisoner/pdhandbook.

       The court declines to reconsider its previous ruling. There is no newly discovered evidence or change in controlling law to support Washington's motion for reconsideration. Additionally, the prior decision was not clearly erroneous or manifestly unjust. Washington's new motion provides additional details of his attempts to obtain information from Storage West. He first asked his counsel from the Federal Public Defender's Office to request information from Storage West in February 2017. Mot. Allow Self-Representation, Ex. F-8 at 62 (ECF No. 113-1). Unsatisfied with counsel's efforts, Washington personally called Storage West and spoke with the Resident Manager, Annette Anderson. In a letter dated August 11, 2017, addressed directly to Mr. Washington at the Pahrump detention facility, Ms. Anderson informed Washington that "subpoenas are to be mailed to the following address":

> The Corporation Trust Co of Nevada
> 6100 Neil Road, Suite 500
> Reno, Nevada 89511

Mot. Reconsider. Ex. C at 17 (ECF No. 250). This letter plainly demonstrates that *Washington*

---

[1] The court issued Washington's proposed subpoena, which instructed the United States Marshals Service ("USMS") to attempt service of a subpoena on Storage West in Las Vegas. Order (ECF No. 165). However, the subpoena was returned unexecuted because service needed to be made on the resident agent, Corporation Trust, which is located in Reno. *See* Subpoena Returned Unexecuted (ECF No. 174).

2

*was informed of the correct address to serve a subpoena on Storage West through its resident agent, Corporation Trust, several months before he requested the first subpoena to Storage West.* As such, responsibility for the failure to timely request service of the subpoena on Corporation Trust rests with Mr. Washington.[2]

In sum, the court gave thorough consideration to its prior Order (ECF No. 243). The new motion does not provide a meritorious reason to reconsider the undersigned's prior decision. Washington has not shown that Corporation Trust or Storage West were properly served and had the ability to comply with the subpoenas. Washington had the information needed to serve Corporation Trust several months prior to requesting the subpoena. Thus, Mr. Washington's request for reconsideration is denied.[3]

**IT IS ORDERED:** Defendant Joshua Sadat Washington's Amended Motion to Reconsider (ECF No. 250) is **DENIED**.

Dated this 13th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] The current motion states that Ms. Anderson erroneously gave Washington's wife a Carson City address for Corporation Trust in March 2018. Mot. at 2. Even if that were true, it still would not explain why Mr. Washington's first proposed subpoena, submitted in February 2018, requested service directly to Storage West in Las Vegas, rather than to Corporation Trust at the Reno address provided in Anderson's August 2017 letter. Notably, the Reno address is where Washington submitted his second, ultimately untimely subpoena.

[3] The Order (ECF No. 280) denying Mr. Washington's Motion Requesting a Judgment Notwithstanding the Verdict (ECF No. 228) also demonstrates why reconsideration is inappropriate. There District Judge Jennifer A. Dorsey directly addressed Washington's theory that Ms. Anderson lied when she testified at trial that law enforcement first came to the storage facility asking about Washington's storage unit on the afternoon of August 16, 2016. Order at 14 (ECF No. 280). Washington's motion for reconsideration advances the same argument. Mot. at 6. Judge Dorsey concluded that Anderson appeared to be

> a credible witness who was not secretly in cahoots with the government, and her trial testimony was both internally consistent and consistent with the testimony by LVMPD Detective Ticano and FBI Special Agent Mollica in Las Vegas about the timeline of the investigation. In short, *Washington had a full opportunity to explore this theory at trial, and it just didn't pan out*. It offers him no basis for post-trial relief.

*Id*. at 15 (emphasis added). Washington has shown no basis for reconsideration.

3