# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00279-JAD-PAL |
| Plaintiff | |
| v. | **Order Denying Motion for Return of Property and Granting Motion to Dismiss** |
| Joshua Sadat Washington, | |
| Defendant | [ECF No. 397, 399] |

Pro se defendant Joshua Sadat Washington moves for the return of his property that was seized during his arrest in Florida. But the government argues that the motion should be dismissed based on improper venue. Because Federal Rule of Criminal Procedure (FRCP) 41(g) explicitly requires Washington to file his motion in the state where his property was seized, I deny his motion and grant the government's motion to dismiss.

## Discussion

FRCP 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return. The motion must be filed in the district where the property was seized."[1] A defendant has a right to reclaim his property when it is no longer needed as evidence.[2] So after a trial is complete, a defendant's motion to return property is presumed meritorious, and the burden of proof is on the government to show otherwise.[3]

---

[1] Fed. R. Crim. P. 41(g).

[2] *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

[3] *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Washington was convicted of interference with commerce by robbery, brandishing a firearm in furtherance of a crime of violence, and transportation of stolen property after a Nevada jury found him guilty of robbing a Las Vegas jewelry store.[4] Washington mailed the jewelry from Nevada to Florida, and he was arrested in Florida while attempting to reclaim the stolen goods at a post office there.[5] Washington now seeks $1,933 that was seized during his Florida arrest.[6] But FRCP 41(g) unambiguously requires Washington to file his motion in the jurisdiction where his property was seized. So I deny Washington's request without prejudice to his ability to file his motion in the proper court in Florida.

The government moves to dismiss Washington's motion based on improper venue under Federal Rule of Civil Procedure 12(b)(3). At the conclusion of a criminal matter, the Ninth Circuit construes 41(g) motions as civil equitable complaints.[7] Washington's criminal case concluded after the Ninth Circuit affirmed my judgment,[8] so Washington's motion is now considered a civil equitable complaint. Because Washington mistakenly filed his motion in Nevada where his criminal case is closed, I grant the government's motion to dismiss for improper venue.

---

[4] ECF No. 320.
[5] ECF No. 2 at ¶¶ 20, 21.
[6] ECF No. 397 at 6, ¶ 2.
[7] *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003).
[8] ECF No. 391.

**Conclusion**

IT IS THEREFORE ORDERED that Joshua Sadat Washington's motion for return of property **[ECF No. 397] is DENIED**.  IT IS FURTHER ORDERED that the government's motion to dismiss Washington's motion for return of property **[ECF No. 399] is GRANTED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 15, 2022