# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States, | Case No.: 2:16-cr-00279-JAD-PAL-1 |
| Plaintiff | |
| v. | **Order Denying Motion for Reconsideration, Granting Motion for Extension of Time, and Granting in Part Motion for Copy of the Docket** |
| Joshua Sadat Washington, | |
| Defendant | [ECF Nos. 406, 407, 408] |

Defendant Joshua Sadat Washington was sentenced to 204 months in prison after a jury found him guilty of committing an armed robbery of a jewelry store.[1]  In November 2021, Washington moved for the return of $1,933 that he claims was seized during his 2016 arrest.[2]  I granted the government's motion to dismiss that motion, finding that Washington's request must be filed in the district where the property was seized.[3]  Washington did not timely appeal that order.  On May 23, 2022, Washington mailed the court three motions—a motion to reconsider my order, a motion for an extension of time to appeal it, and a motion seeking a copy of the complete docket in his underlying criminal case.[4]  Those motions were lost in the mail, and Washington sent them again on June 23, 2022.[5]

---

[1] ECF No. 320 at 1–2 (judgment).

[2] ECF No. 397.

[3] ECF No. 404 (order); ECF No. 397 (motion for return of property); ECF No. 399 (motion to dismiss).

[4] ECF No. 406; ECF No. 407; ECF No. 408.

[5] *See* ECF No. 405 (notice regarding motions not received by the clerk's office).

I deny Washington's motion for reconsideration because he has not articulated any circumstances warranting that relief.  I grant his motion to extend his deadline to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) because he did not receive notice of my order.  And I grant in part his motion for a copy of the docket.

## Discussion

### I.    Motion for reconsideration [ECF No. 406]

As I explained in my previous order, motions to return property are authorized under Federal Rule of Criminal Procedure 41(g).[6]  "If a Rule 41[g] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief."[7] Washington's motions are thus governed by the Federal Rules of Civil Procedure (FRCP).[8]  And because Washington's motion for reconsideration was filed more than 28 days after the order's entry, I consider it under FRCP 60,[9] which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[10]  A motion for reconsideration can be based, in relevant part, on FRCP 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect"; or FRCP 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[11]

---

[6] ECF No. 404 at 1–2; Fed. R. Crim. P. 41(g).

[7] *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003).

[8] *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (noting that a motion brought under Rule 41(g) is properly considered "a civil complaint governed by the Federal Rules of Civil Procedure").

[9] *Am. Ironworks & Erectors, Inc. v. No. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (noting that motions for reconsideration filed after the deadline for FRCP 59 motions are properly construed as FRCP 60 motions).

[10] Fed. R. Civ. P. 60(b).

[11] Fed. R. Civ. P. 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

1  Washington asks me to reconsider my ruling because "[t]he record reflect[s] that the
2  Florida[] [c]ourt was used for [a] limited purpose only to transfer petitioner to the district of
3  prosecution" and thus that this court, "where petitioner was tried," has jurisdiction over his
4  return-of-property motion.[12]  But the Florida court's previous participation in Washington's
5  underlying criminal case has nothing to do with its jurisdiction over a separate proceeding
6  requesting the return of property.  As explained in my previous order, Federal Rule of Criminal
7  Procedure 41(g) unambiguously states that motions to return property "must be filed in the
8  district where the property was seized."[13]  Because Washington's property was seized in Florida,
9  his request for its return must be filed in Florida.  His motion thus does not identify any
10  extraordinary circumstances to warrant reconsideration and I deny it.

11  **II.      Motion to extend time to appeal [ECF No. 407]**

12  Washington asks that I extend his deadline to appeal because he didn't promptly receive
13  notice of my order denying relief.[14]  Under Federal Rule of Appellate Procedure 4(a)(1)(B), a
14  "notice of appeal may be filed by any party within 60 days after entry of the judgment or order
15  appealed from if one of the parties is . . . the United States."[15]  FRAP 4(a)(6) permits the district
16  court to reopen the time to file an appeal for an additional 14 days if "the motion [to reinstate
17  appellate rights] is filed within 180 days after the judgment or order is entered or within 14 days
18  after the moving party receives notice . . . whichever is earlier . . . ."[16]

19
20

---

21  [12] ECF No. 406 at 1.

     [13] Fed. R. Crim. P. 41(g).
22   [14] ECF No. 407.

23   [15] Fed. R. App. P. 4(a)(1)(B).

     [16] Fed. R. App. P. 4(a)(6).

Absent any extenuating circumstances, Washington's deadline to file a notice of appeal of my order denying his request for the return of his property would have been June 14, 2022—60 days after the order was entered. But the clerk's office did not send Washington a copy of the order.[17] He only learned of the denial when "using the law library's computer" on May 19, 2022.[18] On May 23, 2022, Washington mailed copies of his motions, including the motion to extend the time to appeal, to the court.[19] But those copies were never delivered, and Washington submits evidence that the U.S. Postal Service still reports the package's tracking status as "in transit."[20] After being notified that the clerk's office didn't receive his motions, he resent them on June 23, 2022, with documentation of his prior efforts.[21]

Washington should not be penalized for the time that passed while his motions were lost in the mail. I thus apply the prison mailbox rule to find that his motions were constructively filed on May 23, 2022—the date he gave his motions to prison authorities for mailing.[22] Washington's motion to vacate judgment and reset his clock for appeal was thus timely filed within 14 days of receiving notice of the order. I also find that no party would be prejudiced by this reset. The government does not oppose Washington's motions and thus has not articulated

---

[17] *See* ECF No. 404. The court's electronic tracking system shows that the order was emailed to counsel for the United States but was not mailed to Washington.

[18] ECF No. 406.

[19] See ECF No. 405-1 at 2.

[20] *Id.* at 3.

[21] *Id.*

[22] *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (holding that a pro se prisoner's filing was deemed filed on the date of delivery to prison authorities, noting that prisoners "cannot take the steps other litigants can to monitor the processing of their [documents] and to ensure that the court clerk receives and stamps [them] before" the relevant deadlines).

any hardship it would face from allowing this modest extension.  So I grant Washington's request in part and extend his deadline to appeal to August 1, 2022.[23]

## III.     Motion for copy of the docket [ECF No. 408]

Washington also requests a copy of "a complete docket sheet that shows all filings entered . . . [b]oth sealed and unsealed."[24]  He does not explain his need for this information or its relationship to his other requests.  The majority of the docket is related to his underlying criminal case, which has already been unsuccessfully appealed and closed, and has no bearing on his current attempts to have his property returned.  So I deny his request in part because he has not shown good cause to grant it.  But to the extent he requests a copy of those portions of the docket related to his motion for the return of property, I grant it and direct the clerk of court to send Washington a copy of the docket showing entries ECF Nos. 397–400 and 400–408.[25]  I also direct the clerk to send him copies of this order and my previous order denying his motion to return property.

### Conclusion

IT IS THEREFORE ORDERED that Washington's motion for reconsideration **[ECF No. 406] is DENIED.**

IT IS FURTHER ORDERED that Washington's motion to extend time to file a notice of appeal **[ECF No. 407] is GRANTED.**  Washington's deadline to file a notice of appeal of my order at ECF No. 404 is extended to **August 1, 2022**.

---

[23] I deny the portion of Washington's motion that asks me to vacate my prior order.  That step is not necessary to provide him with additional time to file a notice of appeal.

[24] ECF No. 408 at 1.

[25] ECF Nos. 401–03 concern Washington's co-defendant and are irrelevant to Washington's case.  The clerk of court is directed to redact any docket entry before ECF No. 397, as well as any docket entry related to Washington's co-defendant.

IT IS FURTHER ORDERED that Washington's motion for a copy of the docket **[ECF No. 408] is GRANTED in part.** The Clerk of Court is directed to **SEND Washington copies of the order at ECF No. 404, this order, and redacted portions of the docket sheet showing entries 397–408.**

_____
U.S. District Judge Jennifer A. Dorsey
July 18, 2022