UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:16-cr-00279-JAD-PAL-1 |
|---|---|
| Plaintiff | |
| v. | |
| Joshua Sadat Washington, | **Order Denying Emergency Motion for Compassionate Release** |
| Defendant | [ECF No. 415] |

Joshua Sadat Washington is approximately four years into his 204-month term of imprisonment for his role in a violent, armed, takedown robbery of a local jewelry store. He asks this court to grant him compassionate release, arguing that he faces extraordinary and compelling circumstances.[1] I deny the motion because Washington has not shown that such relief is warranted.

## Background

In March 2018, Washington was found guilty by a jury of interference with commerce by robbery in violation of 18 U.S.C. § 1951, brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 942(c)(1)(A)(ii), and transportation of stolen goods in violation of 18 U.S.C. § 2314.[2] During his sentencing, I considered Washington's extensive criminal history and the nature of the subject offenses. As I summarized during the sentencing hearing:

> I also consider Mr. Washington's background. He has a long history of serious crimes dating back to his youth and mostly robberies and burglaries. He quit school after 10th grade. He has a spotty employment history, and it does not appear that he's taken many steps or opportunities to find a legitimate way to support

---

[1] ECF No. 415.

[2] ECF No. 225.

>himself or his nine children.  And although he certainly has a history of a certain type of property and theft crime, this one was exponentially more violent, demonstrating a trend that his prior punishments had no deterrent effect . . . .  The facts here, the violence, the lack of remorse, the high level of planning, preparation, and leadership easily supports an upward departure to a much higher sentence.[3]

Washington was sentenced to 204 months in custody, followed by five years of supervised release,[4] and is currently serving his sentence at the United States Penitentiary in Atlanta, Georgia.  The Bureau of Prisons' (BOP) website reflects February 10, 2031, as his release date.[5]

Washington asks for compassionate release.  The basis for this request is that he is experiencing "emotional stress" from something he believes happened during his case:  a document "removed from the court record."[6]  He believes an early release will better allow him to "process the reality of [his] thoughts, feelings, and emotions towards [his] case. . . ."[7]  The government opposes Washington's motion, arguing that he has not identified any extraordinary and compelling reasons for compassionate release.[8]

## Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[9]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by

---

[3] ECF No. 382 at 64–65.

[4] ECF No. 320.

[5] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 8, 2022).

[6] ECF No. 415 at 1.

[7] *Id*.

[8] ECF No. 418 at 1.

[9] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

the First Step Act of 2018,[10] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[11]  The court must consider any applicable factors under 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[12]  And any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[13]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[14]

Assuming without deciding that Washington exhausted the administrative process,[15] I deny his motion on its merits because he has not shown that compassionate release is warranted. Washington's theory about this missing document was raised *ad nauseum* throughout his trial, and his conviction was affirmed by the Ninth Circuit on appeal.  There is simply no credibility to

---

[10] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).
[11] 18 U.S.C. § 3582(c)(1)(A)(i).
[12] 18 U.S.C. § 3553(a).
[13] *Id*.
[14] *Id*.
[15] ECF No. 415-1 (request for compassionate release submitted to warden on July 13, 2022).

it. Regardless, stress from perceived injustice—even extreme stress—is not an extraordinary or compelling reason to cut a well-warranted custodial sentence like this one short.

But even had Washington established extraordinary and compelling reasons for release, a sentence reduction for him is unwarranted under the applicable § 3553(a) factors. The nature and circumstances of the offense—a violent, callous, and armed takedown robbery of a local jewelry store—were serious and dangerous. Washington and his co-defendant posed as FedEx delivery men to gain access to the secured store.[16] Once inside, he physically assaulted the victims, bound their wrists, and dragged one victim by her hair.[17] With a gun pointed to the victims' heads, Washington encouraged his co-defendant to "shoot them bitches."[18] After the robbery, Washington mailed the loot to himself across the country and hopped on a plane.[19] This crime involved a high degree of planning and preparation.[20] The evidence presented at trial showed that Washington played the leading role in the violent attack and the preparations.[21] And he was utterly without remorse.

During sentencing, I carefully evaluated the § 3553(a) factors to reach a sentence that I found was sufficient but not greater than necessary to accomplish the goals and objectives of sentencing. The presentence investigation report provided a recommendation of 115 months for both Count 1 and Count 3 to be served concurrently, plus 84 months for Count 2, for a total

---

[16] ECF No. 382 at 61.
[17] *Id.*
[18] *Id.* (cleaned up).
[19] *Id.* at 62.
[20] *Id.* at 61.
[21] *Id.*

sentence of 199 months.[22]  I considered Washington's background and his long history of crimes dating back to childhood.[23]  I also took into account that this crime was "exponentially more violent, demonstrating a trend that his prior punishments had no deterrent effect."[24]  I concluded that these factors justified an upward variance from the sentencing guidelines to a total sentence of 204 months.[25]  While I commend Washington for using his time while incarcerated to complete courses on victim impact, decoding recidivism, and financial analysis,[26] those efforts did little to mitigate the weighty factors that justified a seventeen-year sentence just four years ago.

      Having carefully evaluated the applicable § 3553(a) factors anew in light of Washington's motion and as 18 U.S.C. § 3582(c)(1)(A) requires, I again find that the sentence that he received was and remains sufficient and not greater than necessary despite the concerns he raises now.  It still reflects the seriousness of his offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and remains necessary to protect the public from further crimes by this dangerous defendant.[27] Compassionate release would prevent the sentence imposed from having the deterrent effect that I intended, ignore Washington's lengthy criminal history and dangerous characteristics, and cause an unwarranted sentencing disparity when compared to his co-defendant's commensurate

---

[22] Presentencing investigation report at 28.
[23] ECF No. 382 at 64.
[24] *Id.* at 64–65.
[25] *Id.* at 66.
[26] ECF No. 415-2 at 3–17.
[27] 18 U.S.C. § 3553(a)(6).

sentence of sixteen and a half years.[28]  I therefore find that Washington is not entitled to compassionate release.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Joshua Washington's motion for compassionate release or reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) **[ECF No. 415] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 27, 2022

---

[28] ECF No. 382 at 66.