UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff<br><br>v.<br><br>Joshua Sadat Washington,<br><br>　　Defendant | Case No.: 2:16-cr-00279-JAD-PAL-1<br><br>**Order Directing Response to § 2255 Petition, Setting Briefing Schedule, and Denying Motions for Leave to File Supporting Memorandum and Appointment of Counsel**<br><br>**[ECF No. 421, 422, 424]** |

　　Defendant Joshua Sadat Washington was found guilty of interference with commerce by robbery, brandishing a firearm in furtherance of a crime of violence, and transportation of stolen goods after a five-day jury trial.[1] Washington appealed his conviction,[2] and the Ninth Circuit affirmed.[3] He now petitions for habeas relief under 28 U.S.C. § 2255 and moves for leave to file a supporting memorandum in support of his petition, an evidentiary hearing, and the appointment of counsel.[4]

　　A federal prisoner filing a claim for habeas relief under 28 U.S.C. § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[5]

---

[1] ECF No. 219.

[2] ECF No. 321.

[3] ECF No. 385; ECF No. 391.

[4] ECF No. 421; ECF No. 422; ECF No. 423; ECF No. 424.

[5] 28 U.S.C. § 2255; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

Washington raises 33 grounds for relief, including numerous ineffective-assistance-of-counsel claims and an assertion that the Supreme Court's recent decision in *United States v. Taylor*[6] renders invalid his conviction for brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. 924(c).[7] Because *Taylor* was recently decided and overturned Ninth Circuit precedent concerning the interpretation of § 924(c), and to aid the court's assessment of Washington's myriad other grounds for relief, I find that a response from the government to all of Washington's grounds is warranted, and I set a briefing schedule on the petition.

Washington moves for leave to file a "supporting memorandum" to his § 2255 petition.[8] Washington fails to attach his proposed memorandum or explain why his petition needs more than the 116 pages he already filed, so I deny his motion.

Washington has also filed motions for an evidentiary hearing on his petition and for the appointment of counsel.[9] I decline to rule on his motion for an evidentiary hearing until his petition has been fully briefed. And to the extent that Washington seeks counsel to assist him in the briefing of his motion, that request is denied. "[T]here is no constitutional right to counsel at a collateral, post-conviction [§] 2255 proceeding,"[10] and Washington—who represented himself at trial—fails to support his request with any facts indicating that he needs counsel to sufficiently

---

[6] *United States v. Taylor*, 142 S. Ct. 2015 (2022).

[7] ECF No. 421 at 1–10. Washington filed a letter with the court on October 21, 2022, noting that the page containing his third ground for relief was missing from the scanned petition uploaded by the clerk's office and requesting that the clerk "insert it into [his] 2255 motion." ECF No. 425. I grant that request and order that the government also respond to count three of Washington's petition, docketed at ECF No. 425 at 2.

[8] ECF No. 422.

[9] ECF No. 423; ECF No. 424.

[10] *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995).

pursue his petition.  If the court finds after briefing that an evidentiary hearing is warranted in this case, it may reconsider appointing counsel at that time.[11]

## Conclusion

IT IS THEREFORE ORDERED that the United States Attorney for the District of Nevada will have **21 days from the date of this order to file a response to Joshua Sadat Washington's motion to vacate, set aside, or correct sentence [ECF No. 421]**.

IT IS FURTHER ORDERED that if Washington chooses to reply to the response to his motion, he must do so **within 14 days after the government files a response**.

IT IS FURTHER ORDERED that Washington's motions for leave to file a supporting memorandum **[ECF No. 422]** and for the appointment of counsel **[ECF No. 424]** are **DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
December 27, 2022

---

[11] *See United States v. Duarte-Higarda*, 68 F.3d 369, 370 (9th Cir. 1995) (finding that courts must appoint counsel for indigent petitioners when evidentiary hearings are required).