UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, <br><br> Plaintiff <br><br> v. <br><br> Joshua Sadat Washington, <br><br> Defendant | Case No.: 2:16-cr-00279-JAD-PAL-1 <br><br> **Order Denying Motions for Reconsideration** <br><br> [ECF No. 434, 435, 436] |

Defendant Joshua Sadat Washington moves for reconsideration of this court's prior orders denying his motions to file a supplemental memorandum to his § 2255 petition, for appointment of counsel, and for compassionate release. Because Washington has not demonstrated that reconsideration is warranted, I deny his motions. But I grant him extra time to file a reply in support of his habeas petition to ensure that he has a full opportunity to explain his claims.

## Discussion

Habeas cases are civil in nature, so the Federal Rules of Civil Procedure (FRCP) apply to Washington's reconsideration motions that are related to his petition.[1] His request for reconsideration of the order denying him compassionate release, however, falls under his criminal case. Although the Federal Rules of Criminal Procedure do not expressly authorize

---

[1] *See* Rule 12 of the Rules Governing Section 2254 and 2255 cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a [habeas] proceeding"); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (analyzing motion for reconsideration of order denying habeas relief under FRCP 60); *United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) (evaluating motion for reconsideration of § 2255 habeas petition under FRCP 59(e)).

motions for reconsideration, the Ninth Circuit has confirmed that "the district court's authority to revisit a ruling" in a criminal matter "is within its sound judicial discretion."[2] Courts often analyze these motions under the standards applied to civil reconsideration motions.[3] So I apply the same standard to all of Washington's reconsideration motions.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[4] A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[5] "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[6] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled"[7] and may not be based on arguments or evidence that could have been raised previously.[8]

---

[2] *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (cleaned up).

[3] *See, e.g.*, *United States v. Arteaga-Centeno*, 365 F. Supp. 3d 1023, 1025–26 (N.D. Cal. 2019); *United States v. Ritchie*, 2018 WL 6579181, at *4 (D. Nev. June 20, 2018), *report and recommendation adopted*, 2018 WL 6580954 (D. Nev. Dec. 13, 2018); *United States v. Mendez*, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008).

[4] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[5] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[6] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[8] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**A.      Washington has identified no basis to reconsider his release request.**

Washington seeks reconsideration of his compassionate-release request. He first states that he does not seek release, but rather "validation [of his belief that] the complaint [was] change[d] and acknowledgement that the court . . . records ha[ve] been altered."[9] To the extent that Washington is asking the court to agree with his oft-repeated contention that the charging document in this case was somehow altered, the court will not and cannot grant such relief. Washington's theory that his criminal complaint was improperly altered has been rejected repeatedly by this court.[10] As detailed in my prior order, compassionate release allows a judge to reduce a sentence based on "extraordinary and compelling reasons" and after consideration of various factors outlined in 18 U.S.C. § 3553(a). Washington addresses none of those factors and thus does not outline any reason to reconsider my prior order.

Washington asks that the court "allow [him] to send in additional 3553 factors that will support [his] background" and to include "copies of mitigating files-videos on a thumbdrive as a supplemental exhibit."[11] He also notes that he has completed more programs at his facility and attaches certificates of program completion to his reconsideration motion.[12] Washington is advised that nothing precludes him from filing a new compassionate-release motion if he has additional information that would support that extraordinary relief. But the reasons he has already given are woefully insufficient, and repeating them will not change the result here. Washington is also warned that he must first exhaust that request with the Bureau of Prisons (BOP) by asking the Director of the Bureau of Prisons to bring such a motion on his behalf and

---

[9] ECF No. 434 at 1.
[10] *See, e.g.*, ECF No. 427 at 3.
[11] ECF No. 434 at 1.
[12] *Id.* at 6–7.

exhausting his "administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or 30 days after he asks the BOP bring the motion.[13] He must also explain why any mitigating factors or programming that he presents are relevant to show "extraordinary and compelling reasons" to cut short his well-deserved, 204-month sentence for the violent, terrorizing crime he committed.

**B.      Washington has not shown that appointment of counsel is warranted.**

Washington also asks me to reconsider my denial of his request for the appointment of counsel for his § 2255 petition.[14] He now asks for "assistance that can help [him] truly understand the importance of the initiating complaint charge being altered."[15] Though he chose to represent himself at trial, he believes that counsel is necessary to help him explain to the court how his constitutional rights have been violated by the "illegal complaint charge."[16]

As I have reiterated time and time again, Washington's fixation on this "illegal complaint charge" is not grounded in reality. It was raised and rejected before trial, at trial, after trial, and on appeal. He complains that he has not been able to figure out how to articulate his concerns about this "illegal" document and implies that if he can just find the right words, the court must grant him relief on his theory. But the court fully understands his argument—and has repeatedly informed Washington that it is meritless. Indeed, Washington had counsel articulate this theory on appeal, and it fared no better with representation.[17] So Washington has not demonstrated that

---

[13] 18 U.S.C. § 3582(c)(1)(A).
[14] ECF No. 436.
[15] *Id.*
[16] *Id.*
[17] *See* ECF No. 36 in Ninth Circuit Case No. 18-10449 (Washington's opening appellate brief, written by counsel, discussing Washington's allegations that there was a "discrepancy between the complaint filed in the Nevada district court and the complaint upon which he had been initially arraigned in Florida" and his belief that Las Vegas police officers were investigating his

counsel is necessary to advance his grounds for habeas relief. I thus deny his motion for reconsideration.

C. **Supplemental § 2255 memorandum**

28 U.S.C. § 2242 permits habeas petitions to "be amended or supplemented as provided in the rules of procedure applicable to civil actions."[18] To the extent that I construe Washington's request to file a supplemental memorandum as seeking leave to amend the petition to include supporting facts for his claims, the Ninth Circuit has instructed that courts considering pro se habeas petitions should "be guided by the underlying purpose of [FRCP] 15(a), which was to facilitate decisions on the merits, rather than on technicalities or pleadings."[19] FRCP 15(a) instructs courts to "freely give leave [to amend] when justice so requires."

I have reviewed Washington's habeas petition and the government's response, and I find that further supplementation is not required to help the court understand and rule on Washington's grounds for relief.[20] But to the extent that Washington wishes to provide facts in reply to the government's opposition that were not mentioned in his original petition, I grant him leave to do so in order to cure any prejudice from Washington's inability to file a supplemental

---

involvement in the robbery before his package, full of stolen jewelry he had mailed to himself, arrived in Florida).

[18] 28 U.S.C. § 2242.

[19] *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

[20] The government also argues that any additional briefing would be untimely because Washington's one-year window to file a habeas petition closed the day after he filed his petition. ECF No. 438 at 2. But the government doesn't address the substantial body of law analyzing whether an amended petition can relate back to the original petition to determine whether the amendments are timely. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020). I thus do not consider the government's timeliness argument because it is underdeveloped. If Washington's reply raises timeliness concerns or other new arguments that require a response, the government may move to file a surreply to address those issues.

5

memorandum. I also extend Washington's deadline to file his reply by 30 days so that he may work in any additional arguments or facts to support his grounds. I caution Washington that he may not include in his reply any new grounds for relief—he may only expound on the grounds he listed in his petition.

## Conclusion

IT IS THEREFORE ORDERED that the defendant Joshua Sadat Washington's motions for reconsideration **[ECF Nos. 434, 435, 436] are DENIED**.

IT IS FURTHER ORDERED that Washington's deadline to file a reply in support of his habeas motion is extended to **March 17, 2023**.

_____
U.S. District Judge Jennifer A. Dorsey
February 17, 2023