# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States,

     Plaintiff

v.

Joshua Sadat Washington,

     Defendant

Case No.: 2:16-cr-00279-JAD-PAL-1

**Order Denying Motions to Vacate Sentence, for Evidentiary Hearing, and for Recusal of District Judge and Granting Motions to Supplement**

[ECF Nos. 421, 423, 444, 456, 457]

Defendant Joshua Sadat Washington was sentenced to 204 months in prison after a jury found him guilty of committing a violent armed robbery of a jewelry store.[1]  Washington appealed his conviction and the court's denial of his motion for a new trial.  The Ninth Circuit affirmed both.[2]  He now petitions for habeas relief under 28 U.S.C. § 2255, raising 32 grounds of relief with varying degrees of argument in support.  I dismiss 22 of those grounds as procedurally defaulted.  I deny relief on Washington's five ineffective-assistance-of-counsel claims because he represented himself at trial and had the opportunity to correct any of pretrial or standby counsel's perceived mistakes.  And I deny on the merits Washington's grounds for relief arguing that (1) the search of the UPS package that led to his arrest violated his Fourth Amendment rights and (2) Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c).  So I deny Washington's petition in its entirety and deny his motion for an evidentiary hearing.  And because reasonable jurists would not find this adjudication of Washington's petition debatable or wrong on procedural grounds or on the merits, I deny him a certificate of appealability.

---

[1] ECF No. 320 at 1–2 (judgment).

[2] ECF No. 385.

**Discussion**

**A.     Motion for recusal [ECF No. 444]**

Washington moves for my recusal from this case.[3]  He insists that my denial or dismissal of his repeated claim that his criminal complaint was altered shows the possibility of bias or partiality.  Washington contends that I have made up my mind on the issue and thus he will not get a "fair shot" to raise his arguments in these proceedings.  He thinks that I "want[] [him] to be wrong" and find his arguments "annoying."[4]

As the United States Supreme Court explained in *Liteky v. United States*, "judicial rulings, routine administration efforts, and ordinary admonishments" are no basis for recusal.[5] Even "judicial remarks during the course of a trail that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[6]  "Unfavorable rulings alone" are also "legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."[7]

I understand Washington's frustration that I have denied relief based on his theory that a document in this case was altered.  I have explained my reasoning several times and review that reasoning every time Washington repeats his concerns.  But absent new evidence or argument to support his theory, I have not been inclined to reverse those prior rulings.  This does not demonstrate bias—a judge need not agree with a defendant's steadfast belief that he suffered

---

[3] ECF No. 444.

[4] *Id.* at 1.

[5] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[6] *Id.*

[7] *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984).

some governmental wrong if he cannot provide evidence that it happened.  So I deny Washington's recusal motion.

**B.     Motions to supplement § 2255 motion [ECF Nos. 456, 457]**

Washington filed his reply in support of his § 2255 motion on April 7, 2023.[8]  One week later, he filed a document that was docketed as a response to his own motion for an evidentiary hearing.[9]  On April 28, 2023, Washington filed a motion explaining that the docket entry for that "response" was inaccurate, and that his document was actually a supplement to his reply.[10]  He asks that the docket entry be corrected and that I consider his supplemental reply.[11]  On June 6, 2023, Washington filed another motion to supplement his reply with further argument to support his claim that his conviction does not qualify as a crime of violence under § 924(c).[12]  The government did not respond to either motion.

28 U.S.C. § 2242 permits habeas petitions to "be amended or supplemented as provided in the rules of procedure applicable to civil actions."[13]  The Ninth Circuit has instructed that courts considering pro se habeas petitions should "be guided by the underlying purpose of Federal Rule of Civil Procedure 15(a), which was to facilitate decisions on the merits, rather than on technicalities or pleadings."[14]  FRCP 15(a) instructs courts to "freely give leave [to amend]

---

[8] ECF No. 453.

[9] ECF No. 454.

[10] ECF No. 456.

[11] *Id.*

[12] ECF No. 457.

[13] 28 U.S.C. § 2242.

[14] *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

1  when justice so requires."[15]  So, absent any opposition from the government, I find good cause to

2  grant Washington's motions and I consider his supplemental replies.

3  **C.**    **28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [ECF No. 421]**

4        A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by

5  showing that "the sentence was imposed in violation of the Constitution or the laws of the United

6  States," "the court was without jurisdiction to impose such a sentence," the sentence was in

7  "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral

8  attack."[16]  If the court so finds, it must "vacate and set the judgment aside and . . . discharge the

9  prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear

10  appropriate."[17]

11        Washington raises 32 grounds for relief.  In ground one, he contends that the criminal

12  complaint that initiated the case against him was "fraudulently altered" in violation of his

13  "Fourth, Fifth, Sixth, and Fourteenth Amendment rights."[18]  Ground two is that "the

14  government['s] warrantless opening and search of petitioner's package violated [his] Fourth

15  Amendment rights."[19]  In ground three, Washington contends that an assistant United States

16  attorney who did not prosecute this action had a personal relationship with the owners of the

17  jewelry store that Washington robbed, creating an unconstitutional conflict of interest.[20]  Ground

18

---

19  [15] Fed. R. Civ. P. 15(a).

20  [16] 28 U.S.C. § 2255(a).

21  [17] *Id.* at § 2255(b).

    [18] ECF No. 421 at 5.

22  [19] *Id.* at 6.

23  [20] ECF No. 425 at 2.  This ground was erroneously omitted from the scanned petition uploaded
by the clerk's office.  Washington later filed it, and I ordered the government to consider it part
of his petition.  ECF No. 428 at 2 n.7.

four contends that the court read an improper jury instruction involving elements of aiding and

abetting at his trial, violating his Fifth Amendment rights.[21]  And in ground eight, Washington

contends that his conviction does not qualify as a crime of violence under § 924(c).[22]

Washington's remaining 27 grounds for relief consist of just one sentence each.  Five of

them are ineffective-assistance-of-counsel claims contending that his pretrial and standby

attorneys provided deficient performance.[23]  Four accuse the government of fraud and failing to

disclose discovery.[24]  And the last 18 allege that the court erred at trial, at sentencing, in

calculating restitution, in denying pretrial motions and failing to allow Washington to

supplement those motions when he chose to proceed pro se, and in allowing Washington to

proceed pro se in the first place.[25]  I recounted at length the facts and procedural history of this

case in my prior order denying Washington's motion for a new trial.[26]  I incorporate those facts

and do not repeat them here.

### 1.     Twenty-two of Washington's grounds for post-conviction relief are procedurally defaulted.

Of Washington's 32 grounds for relief, he raised only two on direct appeal: (1) whether

the district court erred in denying Washington's requests to reopen the suppression hearing to

discover evidence of the government's involvement in the UPS search of his package; and (2)

---

[21] ECF No. 421 at 7.

[22] *Id.* at 8; ECF No. 457 (Washington's motion to supplement ground eight).

[23] ECF No. 421 at 8–10.

[24] *Id.*

[25] *Id.*

[26] ECF No. 280 at 2–9.

whether Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c).[27]  A defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it later in a habeas petition if he can demonstrate cause and actual prejudice, or actual innocence.[28]  Washington does not argue that he is actually innocent, so he must establish cause for the failure to raise his claim on direct review and actual prejudice.  To show cause, Washington must demonstrate "that the procedural default is due to an objective factor that is external to the petitioner and that cannot be fairly attributed to him."[29]  A petitioner sufficiently shows cause when "the factual or legal basis for a claim was not reasonably available to counsel" on direct appeal.[30]  "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."[31]

### a.   Ground one, contending that Washington's initial complaint was fraudulently altered, is procedurally defaulted.

The government contends that Washington didn't raise his first ground for relief—that the government "committed fraud on the court" by altering the initial criminal complaint filed in this case—on direct appeal.  Washington responds that his appellate counsel did mention Washington's theories about perceived inconsistencies between the relevant dates of the complaint and testimony of one Las Vegas Storage West employee, who claimed that she didn't

---

[27] *See* ECF No. 36 in *Washington v. United States*, Ninth Circuit Case No. 18-10449 (Washington's opening appellate brief).

[28] *Bousley v. United States*, 523 U.S 614, 622 (1998) (citations omitted).

[29] *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (cleaned up).

[30] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[31] *Id.* at 487.

give police information that was included in the criminal complaint sworn out on August 17, 2016, until the police came back with a warrant on August 18th.[32]  The Ninth Circuit addressed that contention in the context of Washington's arguments about a warrantless search, noting that, "[w]hile one witness may have offered inconsistent testimony about exactly when and how the facility cooperated with law enforcement, even that inconsistent testimony did not rebut the district court's prior finding that UPS searched the package in Miami without law enforcement's knowledge or participation."[33]

While Washington is correct that some of the *facts* he now uses to support his fraudulent-alteration claim were raised on appeal, the fraudulent-alteration *claim* that he attaches to those facts in this petition was not.  The United States Supreme Court requires that a petitioner's grounds for relief be raised on direct appeal before they can be brought in a habeas petition.[34] Washington's appellate counsel did not raise Washington's "the criminal complaint was altered" theory—he instead raised the inconsistent trial testimony supplied by Storage West's manager as support for the claim that the UPS search of Washington's package was suspect.  Counsel informed Washington that he did not raise the issue because "that was a factual issue, not a legal one[, a]nd it was a very long shot to ask the Ninth Circuit to get into it."[35]  And Washington does not demonstrate cause or prejudice to overlook appellate counsel's strategic decision not to raise this ground because counsel apparently thought it futile to do so.  So I dismiss ground one as procedurally defaulted.

---

[32] ECF No. 453 at 4 (noting that "my direct appeal counsel tried to hook in this argument as a supporting fact within the suppression reopening issue on appeal"); *see also* ECF No. 36 at 32 in *Washington v. United States*, Ninth Circuit Case No. 18-10449.

[33] ECF No. 385 at 3.

[34] *See Bousley*, 523 U.S. at 622.

[35] ECF No. 453 at 4.

### b.    So are 24 more of Washington's claims.

Washington raises 24 more grounds that he did not raise on direct appeal—most consisting of no more than one sentence—that ascribe constitutional error to the court and the government:

- Assistant United States Attorney Dan Schiess (who was not a prosecutor in this case) had a "personal relationship with the case victims" that prejudiced Washington's constitutional rights (ground three);

- the court failed to read the "proper jury instruction" concerning "aiding and abetting" (ground four);

- the court "committed structural error and abused its discretion and violated the petitioner's due process rights";

- the government "committed fraud upon the court and committed several precautional misconduct in violation of Berger, Brady, and Napue";

- the court "erred in counting the insurance company as a victim" and imposed an "increased restitution";

- the court erred "in counting the withholding of adjudication that was successfully completed in calculating the category";

- the court erred "by using the failure to return vehicle as a qualifying criminal history point to increase petitioner's category from III to category IV";

- the court erred by "not allowing petitioner to reopen the pretrial deadline to file pretrial motions that required evidentiary hearings";

- the prosecution failed "to disclose favorable or exculpatory evidence, in which the government stated that there were no investigations reports from the actual officers

that first made contact with Alfredo's, UPS, and Storage West's employees";

- the court abused its discretion "in not allowing petitioner[] to have a continuance" to conduct "new discovery, investigative request[s], and trial preparation";

- the court abused its discretion "in not allowing petitioner to proceed pro se[] before the suppression hearing";

- the court abused its discretion "in not allowing petitioner to supplement the motion to suppress after the evidentiary hearing was held";

- the clerk of court abused its discretion "in allowing petitioner's ex parte motion to be made public, in which was served onto the government, exposing defense's client-privilege[d] messages, investigative reports, and notes";

- the court abused its discretion by "showing bias, in answering for the government on multiple occasions";

- the court abused its discretion by "agreeing and stating that counsel does not have to show motion, upon client request, before it is filed";

- the clerk of court abused its discretion "in not sending notice to petitioner and standby counsel regarding notice of the unexecuted subpoena for Storage West";

- the court abused its discretion "in not holding Storage West in contempt [with] regard to the subpoena information";

- the court abused its discretion "in compelling and ordering co-defendant to testify over multiple objections";

- the court abused its discretion "in allowing one of the trial juror[s] who was listening and looking at our closed hearing[] to be allowed to interact[] and contaminate[] the other jurors['] decision[-]making process;

- the government "abused its discretion in not allowing petitioner[ to] investigate the recovered evidence";

- the court abused its discretion "in not holding a restitution hearing";

- the prosecutor "committed fraud by lying to the courts stating that no boxes [were] opened, in which further supported the government['s] high restitution amount";

- the court abused its discretion "in allowing petitioner to proceed [] pro se when the court knew petitioner was competent, but . . . declared the petitioner to be fantasizing[] about a [mysterious] document that the court declared never existed"; and

- the court abused its discretion "in not granting petitioner's sentencing continuance request, that was a fact to be an extreme traumatizing emergency that had an effect on petitioner's preparation."[36]

Washington fails to demonstrate any cause for why he could not raise these issues through his appellate counsel on direct appeal.  Indeed, he does not address the cause-and-prejudice standard at all.[37]  So I find that all of these claims are procedurally defaulted and thus do not entitle Washington to relief.

---

[36] ECF No. 421 at 5–10; ECF No. 425 at 2 (containing a missing page of Washington's originally filed petition).

[37] In the one instance I could identify in Washington's hundreds of pages of briefs and interspersed exhibits where he does respond to the government's procedural-default defense, he fails to address the cause-and-prejudice test, instead stating that his claim is not procedurally defaulted because "he has established his right to due process under the Fifth Amendment" and arguing the merits of his claim.  ECF No. 453 at 140.  His merits arguments do not establish cause for the failure to raise his claims on direct review.

**2.      *Washington is not entitled to habeas relief on ground two: warrantless search of the UPS package.***

Washington re-raises his oft-repeated argument that the search of his package at the Florida UPS was government-directed.  That issue was raised in a counseled motion to suppress, an evidentiary hearing in which Washington testified about the discrepancies that he believed doomed the search, Washington's pro se objections to the magistrate judge's recommendation to deny the motion to suppress, a motion for a new trial, and on appeal.[38]

As the United States Supreme Court held in *Stone v. Powell*, if "the [government] has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a . . . prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[39]  Washington was given several full and fair opportunities to raise these Fourth Amendment suppression arguments in this case, so he is foreclosed by law from raising them again in these habeas proceedings.  His request for relief on ground two is thus denied.

---

[38] ECF No. 54 (motion); ECF No. 149 (transcript of evidentiary hearing); ECF No. 163 (Washington's objections to the magistrate judge's recommendation that the motion to suppress be denied); ECF No. 178 (order adopting recommendation and denying motion to suppress, detailing the procedural history of this issue); ECF No. 280 at 10–13 (order denying motion for new trial, discussing Washington's warrantless-search contentions); ECF No. 385 (Ninth Circuit memorandum affirming denial of new-trial motion, holding that Washington "presented no facts that justified suppressing the evidence against him").

[39] *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (applying *Stone* to § 2255 petitions).

### 3.   The Supreme Court's holding in <u>United States v. Taylor</u> does not invalidate Washington's § 924(c) conviction, so Washington is denied relief on ground eight.

Washington contends that the sentencing enhancement he received under § 924(c) is invalid because Hobbs Act robbery is not a crime of violence.[40]  He also contends that the jury instructions inaccurately[41] stated that, if the jury determined that the defendant only aided and abetted robbery, that finding would still support an § 924(c) conviction.[42]  Washington claims that aiding and abetting is an "inchoate crime" like the attempted-robbery charge that the Supreme Court held was not a crime of violence in *United States v. Taylor*.[43]

Since Washington filed his habeas petition, the Ninth Circuit has issued rulings foreclosing his arguments.  In *United States v. Linehan*, the Ninth Circuit made clear that "it is well established both pre- and post-*Taylor* that completed Hobbs Act robbery is a crime of violence under the elements clause" of § 924(c).[44]  And in *United States v. Eckford*, the Ninth Circuit confirmed *Linehan*'s holding and further held that aiding-and-abetting robbery also remains a crime of violence post-*Taylor*.[45]  The court in *Eckford* explained that "there are fundamental differences between *attempting* to commit a crime, and *aiding and abetting* its

---

[40] ECF No. 421 at 8; ECF No. 457 ((Washington's supplemental memorandum in support of ground eight).

[41] To the extent Washington intended to raise an instruction-error claim in his petition, that claim is procedurally barred because he did not raise it on direct appeal and has not demonstrated cause and prejudice to overcome that bar.

[42] ECF No. 457 at 4.

[43] *Id.*; *United States v. Taylor*, 142 S. Ct. 2015 (2022).  Washington was not convicted of aiding-and-abetting robbery; he was convicted of Hobbs Act robbery, full stop.  But because the jury instructions did discuss aiding-and-abetting culpability in relation to Washington's § 924(c) charge, I consider his contention that aiding-and-abetting-robbery convictions do not support § 924(c) convictions.

[44] *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022).

[45] *United States v. Eckford*, 77 F.4th 1228, 1236–37 (9th Cir. 2023).

commission."[46]  "[P]roving the elements of an attempted crime falls short of proving those of the completed crime, whereas a conviction for aiding and abetting requires proof of *all* of the elements of the completed crime plus proof of an additional element: that the defendant intended to facilitate the commission of the crime."[47]  So those convicted of aiding and abetting a crime "are equally culpable and may be convicted of the same offense" as the principal committer of a crime, while those who attempt to commit a crime are not.[48]  For those reasons, the Ninth Circuit has "repeatedly upheld § 924(c) convictions based on accomplice liability."[49]  Washington provides no authority permitting me to deviate from this binding precedent.  So he is not entitled to habeas relief based on the contention that his convictions do not qualify as crimes of violence under § 924(c).

### 4. Washington cannot advance ineffective-assistance-of-counsel grounds because he represented himself at trial and had the opportunity to cure any error by counsel.

Washington raises five one-sentence ineffective-assistance-of-counsel claims:

- "the counsels and standby counsel were ineffective during critical stages of the proceedings and requires the vacating of the convictions";

- "pretrial counsel was ineffective for failure to investigate and present exculpatory evidence regarding the initial location where the package was opened and shipping transaction that followed";

- "appointed counsel was ineffective for failing to request and filing for a Franks hearing";

---

[46] *Id.* at 1237 (cleaned up).

[47] *Id.*

[48] *Id.* at 1236.

[49] *Id.*

- "pretrial counsel was ineffective for failure to challenge the de[t]ective[']s phone and car search warrants"; and

-  "standby counsel was ineffective for stating that petitioner saw a gun."[50]

Washington's ineffective-assistance-of-pretrial-counsel claims are foreclosed by the Supreme Court's opinion in *Faretta v. California* and the Ninth Circuit's opinion in *Cook v. Ryan*.  In *Faretta*, the Supreme Court explained that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"[51]  In *Cook*, the Ninth Circuit extrapolated from *Faretta*'s holdings that, even if a defendant complains that his pretrial counsel was ineffective, he cannot raise that claim because he "could have corrected those errors once he decided to represent himself."[52] Washington's arguments that his pretrial attorneys were ineffective are based primarily on their perceived failures to raise the suppression and switched-criminal-complaint issues to the court. But Washington was able to raise those issues ad nauseum once he began representing himself, thus correcting counsel's errors.[53]

Washington's ineffective-assistance-of-standby-counsel claims fare no better.  The Ninth Circuit has held that a defendant does not have a constitutional right to standby counsel once he voluntarily and unequivocally requests to represent himself.[54]  Other circuits have explicitly held

---

[50] ECF No. 421 at 8–10.  Washington raises these claims for the first time in his habeas petition. Ineffective-assistance-of-counsel claims are excepted from the procedural-default rule—they may be raised on collateral review even if they were not raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  So I consider these claims on their merits.

[51] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[52] *Cook v. Ryan*, 688 F.3d 598, 609 (9th Cir. 2012).

[53] ECF No. 453 at 157–158.

[54] *United States v. Kienenberger*, 13 F.3d 1354, 1357 (9th Cir. 1994) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)); *United States v. Cochrane*, 985 F.3d 1027, 1029 (9th Cir. 1993) (dismissing ineffective-assistance argument on appeal where the defendant acted pro se,

14

that petitioners cannot raise ineffective-assistance-of-standby-counsel claims in habeas

proceedings.[55]  Washington has failed to show that he has a constitutional right to effective

standby counsel after electing to represent himself, so I deny his request for habeas relief on this

ground.

**D.    Evidentiary hearing**

A prisoner filing a claim for federal habeas relief under § 2255 is entitled to an

evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief."[56]  No evidentiary hearing is warranted if the petitioner's

"allegations, when viewed against the record, do not state a claim for relief or are so palpably

incredible or patently frivolous as to warrant summary dismissal."[57]

I find that an evidentiary hearing on Washington's claims is unwarranted.  When viewed

against the voluminous record in this case, Washington's grounds do not state any claims for

relief, are procedurally defaulted, or are barred by clear United States Supreme Court or Ninth

Circuit precedent.  So I deny Washington's request for an evidentiary hearing.

---

rejecting the argument that "because [defendant] made some use of the standby counsel appointed to assist him, we should lay [his] errors at [the] attorney's feet").

[55] *See Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008) ("To the extent [standby counsel] failed to act during trial, Wilson merely suffered the consequences of his decision to proceed pro se."); *Simpson v. Battagllia*, 458 F.3d 585, 597 (7th Cir. 2006) ("[T]he inadequacy of standby counsel's performance, without the defendant's relinquishment of his *Faretta* right, cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment.").

[56] *Id.*; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." (cleaned up)).

[57] *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (cleaned up).  I find this motion suitable for resolution without an evidentiary hearing.

**E.      Certificate of appealability**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.  To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[58]  "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[59]  If "the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a [certificate of appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[60]

Because Washington has not shown that my merits assessment of grounds one, two, eight, and his ineffective-assistance-of-counsel claims is debatable or wrong, I find that a certificate of appealability is unwarranted for the merits denials in this case.  And because jurists of reason would not find my procedural rulings on Washington's remaining claims incorrect, I deny him a certificate of appealability on those claims too.

## Conclusion

IT IS THEREFORE ORDERED that Joshua Sadat Washington's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 **[ECF No. 421]** and accompanying request for an evidentiary hearing **[ECF No. 423] are DENIED.**  A certificate of appealability is also **DENIED**.

---

[58] 28 U.S.C. § 2253(c).

[59] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

[60] *Slack*, 529 U.S. at 484.

16

The Clerk of Court is directed **to enter a separate civil judgment denying Washington's § 2255 petition and denying a certificate of appealability**.  The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:22-cv-01730-JAD.

IT IS FURTHER ORDERED that Washington's motions to supplement his § 2255 petition **[ECF No. 456 and 457] are GRANTED**.

IT IS FURTHER ORDERED that Washington's motion to recuse the district judge **[ECF No. 444] is DENIED**.

_____

U.S. District Judge Jennifer A. Dorsey
October 11, 2023