UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:16-cr-00279-JAD-PAL-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence under Amendment 821 and Denying Motion to Appoint Counsel** |
| Joshua Sadat Washington, | |
| Defendant | [ECF Nos. 466, 467] |

Defendant Joshua Sadat Washington is serving a 17-year sentence for interference with commerce by robbery, brandishing a firearm during the crime, and transporting stolen goods after an armed take-down robbery of a jewelry store. Washington moves for a two-point reduction in his sentence based on recent changes to the sentencing guidelines known commonly as Amendment 821. He also asks the court to appoint counsel to help him with this request. But counsel at the Federal Public Defender's office has already been appointed under this court's General Order 2023-9, mooting Washington's need for an attorney. And because it is clear that Washington does not qualify for an adjustment under Amendment 821, I deny his motion for a sentence reduction.

**Discussion**

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[1] In his pro se motion,[2] Washington argues that he is entitled to a sentence reduction under the change added to the guidelines as § 4A1.1, which reduces the impact of

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).
[2] ECF No. 466 at 5–6.

"status points" on a sentence. Status points are additional criminal-history points applied to a defendant who committed his crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[3] A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[4] A court may reduce a defendant's sentence based on this amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]

Washington argues that he deserves a two-point reduction in his criminal-history points based on §4A1.1.[6] But as his appointed counsel acknowledges in a subsequent filing, Washington doesn't qualify for this reduction because he had no status points in the first place.[7] He was sentenced with seven criminal-history points, but no status points were added to his score because he did not commit his current offenses while under a criminal-justice sentence from his

---

[3] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[4] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[5] 18 U.S.C. § 3582(c)(2) (cleaned up).

[6] ECF No. 466.

[7] ECF No. 469.

prior convictions.[8] It's impossible to reduce Washington's status points under § 4A1.1 when he didn't receive any.[9] So Washington is not entitled to a sentence reduction.

## Conclusion

Because Washington has no status points to reduce under Amendment 821 and he is already represented by counsel on this issue, IT IS ORDERED that Joshua Sadat Washington's motion for a sentence reduction under Amendment 821 **[ECF No. 466]** and motion to appoint counsel **[ECF No. 467] are DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
March 12, 2024

---

[8] Presentencing Investigation Report at 14–18.

[9] *Id*. at 18.